JOE ELLIS, PLAINTIFF IN ERROR, vs. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The defendant filed a plea in abatement setting up that at a former trial of the cause (in which the jury failed to agree upon a verdict) the defendant had been in jeopardy, in that at the former trial of the cause, and after the jurors were tendered and accepted, but before being sworn in chief, and before the defendant's peremptory challenges were exhausted, he challen-

ged one W., one of the jurors tendered and accepted; that the court refused to allow the challenge, and that the juror challenged sat on the jury, whereby a mistrial was had, instead of a verdict of not guilty, except for the presence of said W., on the jury : *Held*, That the court erred in refusing to allow the challenge to the juror, as the defendant had the right to peremptorily challenge the juror at any time before he was sworn in chief, and that if the jury had convicted the defendant at the former trial such error would have been cause for reversal, but that such former trial, under the circumstances, was no bar to a subsequent trial of the cause ; and that there was no error in the court treating such plea as a nullity.

2.  The discharge of a jury, in case of manifest necessity, such as sudden sickness of a juror, the illness of the prisoner, *or other urgent cause*, will not exempt the prisoner from again being tried for the same offense.

3.  Jurors, when examined as to their qualifications, should be sworn on their *voir dire*, but when a person interested objects to a juror being excused he should make his objection before the juror is excused, and it is too late to object after the juror is excused.

4.  A man is not disqualified, nor exempt from jury duty by reason of being Assessor of Taxes for a city or town, but it is not error for a court in the exercise of a sound discretion, to excuse a man from jury duty, when the interests of the public require the exercise of such discretion.

5.  A venireman was asked upon his *voir dire* if he was under prosecution for any crime ; he answered that he believed he was, and was thereupon excused. This was not error.

6.  A venireman was asked upon his *voir dire* if he had formed or expressed any opinion as to the guilt or innocence of the accused : he answered that he had not. The defendant then proposed to show, by witnesses, that the venireman had expressed an opinion as to his, defendant's guilt. The court refused to allow witnesses introduced for that purpose, whereupon the defendant challenged the juror peremptorily. The State Attorney afterwards, and before the defendant had exhausted his peremptory challenges, withdrew his tender of said juror, and challenged him peremptorily. *Held*, That the court erred in refusing to allow witnesses introduced to show the bias of the juror, but that as the mistake was corrected, the defendant was not injured by the ruling of the court.

7. In the trial of a cause for rape, where the prosecutrix is of tender years, and is very ignorant, it is not error for the court to permit such leading questions propounded to the prosecutrix, as in his opinion may be necessary.

8. In a prosecution for rape, the fact of the woman having made complaint soon after the commission of the offense, and that she named the person who committed the offense, is evidence to go to the jury ; but her detailed statement of the circumstances under which she was outraged cannot be given in evidence on the trial of the cause by the party to whom she made the statement. Such evidence is hearsay and it is calculated to influence and mislead the jury.

9. Where a stenographer stated that he did not know that he had taken down the exact words of a witness, but thought he had got down substantially what the witness stated, the court refused to allow the notes of the stenographer to be read as evidence, but permitted him to refresh his memory by the notes and to testify therefrom : *Held*, Not to be error.

10. A charge : "To constitute rape, it is not necessary to prove emission, but it will be sufficient if it be proven to your satisfaction that there was the slightest penetration by the prisoner's sexual organ of the sexual organ of R. D., the prosecutrix." "If the jury do not believe from the evidence that the prisoner did ravish and carnally know R. D., the prosecutrix, by force and against her will, then you must acquit him :" *Held*, To be correct.

11. All objections to the summoning, empanneling and organization of grand juries must be taken by motion or plea in abatement before pleading to the indictment. Such objection comes too late when first made in motion for new trial.

Writ of Error to the Circuit Court for Marion county.

The facts of the case are stated in the opinion of the court.

*Miller & Spencer* for Plaintiff in Error.

*The Attorney-General* for Defendant in Error.

MITCHELL, J.: At the fall term of the Circuit Court for Marion county, in the year 1887, Joe Ellis, the plaintiff

in error, was indicted for rape—alleged to have been committed on Rilla Davis, a female of ten years of age and more, and at the same term of the court he was tried, but the jury failed to agree upon a verdict and were discharged and the cause continued. At the Spring term of said court, in the year 1888, the accused was again tried, convicted and sentenced to the penitentiary for life. Motion for new trial was denied, and the cause comes here for review upon writ of error.

The first error assigned is, that the court below erred in overruling the defendant's in plea abatement, there being no demurrer to the same, or any motion to quash the same.

This plea, called a plea in abatement, sets up that the defendant had formerly been in jeopardy, in that at the former trial of the cause, and after the jurors were tendered and accepted, but before being sworn in chief, and before the defendant's peremptory challenges were exhausted, he challenged peremptorily one Williams, one of the jurors tendered and accepted ; that the court refused to allow said challenge, and that the juror so challenged sat on the jury, by means whereof a mistrial was had, instead of a verdict of not guilty, except for the presence of the said Williams on the jury.

This plea, if true, was not a bar to a subsequent trial of the cause, but in case of conviction at the first trial the refusal to allow the challenge would have been ground for reversal, as the defendant had the right to challenge the juror at any time before the jury were sworn in chief, provided his peremptory challenges were not exhausted. O'Connor vs. State, 9 Fla., 610. The plea failing to state any reason why the defendant could not again be tried for said offense the court below doubtless treated it as frivolous —treated it as a nullity, as it deserved to be treated. No demurrer was necessary to dispose of such a plea.

The arbitrary discharge of the jury, against the consent of the accused, without any cause, and where no circumstances exist calling for the exercise of the discretion of the court, is a bar to his subsequent trial upon the same indictment. Grant vs. People, 4 Parker's Crim. R., 527 ; Ned vs. State, 7 Porter, 187 ; Commonwealth vs. Cook, 6 Sergt. & R., 577. But discharge of the jury in a case of manifest necessity, such as the sudden illness of a juror, the illness of a prisoner, or other urgent cause, will not exempt the prisoner from again being tried. United States vs. Perez, 9 Wheaton, 579; United States vs. Haskell, 4 Wash. C. C. 402; State vs. Hall, 4 Halst. 256 ; United States vs. Shoemaker, 2 McLean, 114 ; Commonwealth vs. Roby, 12 Pick., 496. At the first trial of the case at bar the jury came into court and reported that they had failled to agree upon a verdict, whereupon they were instructed by the court to again retire and consider of their verdict. The jury retired and afterwards returned into court and reported that it was impossible for them to agree, and they were then discharged by the court, and there was no error in the court discharging them. McClellan's Digest, 448, section 23. There was cause for discharging the jury, the ends of justice required that the prisoner should be tried again, and there was no legal reason why he could not again be tried for the same offense.

2. The court erred in excusing Charles W. White and Thomas Colcock from serving on the jury on their statement without oath that they disqualified.

One of these parties stated to the court that he was Assessor of Taxes for the town of Citra, and the other that he was Assessor of Taxes for Ocala, and they were excused. Counsel for plaintiff in error do not contend that either of said parties was qualified to serve on the jury, but the contention is that the court erred in not having them sworn

on their *voir dire*. Jurors should be sworn on the *voir dire* for the purpose of ascertaining their qualifications. Denham vs. State, 22 Fla., 664.

But when an interested party objects to a juror being excused without being so sworn, he should make the objection before the juror is excused; in other words, he should call to the attention of the court that the juror was not sworn upon his *voir dire*, and if the court then refuses to have the juror sworn, it may make a ground for exception. It is too late to object that the juror was not so sworn after he has been excused.

White and Colcock were neither disqualified, nor exempt from jury duty, but the offices they held at the time were public trusts, and the court in excusing them only exercised that sound discretion which the Circuit Courts, in the interests of the public, are frequently called upon to exercise, and whenever this is the case the appellate court will not interfere with the exercise of such discretion. John D. C. vs. State *ex rel.* Julia V. H., 16 Fla., 354; Metzger vs. State, 16 Fla., 481.

There is nothing in the record to show that when the jurors, White and Colcock, were excused the defendant had exhausted his peremptory challenges, or that he had challenged any one of the jurors, or that there were not a sufficient number of qualified jurors remaining on the venire out of which he could and did select a fair and impartial jury, and therefore he has nothing to complain of.

3. The court erred in excusing Alexander Proskey from serving on the jury.

When asked by the State Attorney if he was under prosecution for any crime, he answered that he believed he was, and, for obvious reasons, he was properly excused.

4. The court erred in refusing to swear a witness or hear his testimony to the effect that Oscar Myers, a venireman, had formed and expressed an opinion.

This was error. Barber vs. State, 13 Fla., 675. But subsequently and before the defendant had exhausted his peremptory challenges the State Attorney, upon suggestion of the court, had the juror objected to by the defendant recalled, and then peremptorily challenged him for the State, and thereby correcting any mistake that had been made in regard to the juror; the defendant was not injured thereby, and has no cause to complain at the ruling of the court.

5. The court erred in permitting the State Attorney to ask leading and suggestive questions of Rilla Davis, the prosecuting witness.

The evidence sent up in the record tends to show that the girl was at the time of the alleged offense between twelve and thirteen years of age, and that she was very ignorant, and the record shows that the court allowed the State Attorney to propound to the witness (prosecutrix) two leading questions as to the offense committed upon her person by the accused, and under the circumstances, and under the law, in the exercise of his sound discretion the judge committed no error in permitting the questions propounded. 1 Greenleaf on Evidence, sec. 435 and note 1.

14. The court erred in allowing Alexander Wimberly to relate the details of the complaint made by Rilla Davis on the night of the commission of the alleged offense, and in refusing to strike out said evidence as hearsay.

This was clearly error. Stephen vs. State, 11 Ga., 225 ; State vs. Niles, 47 Vt., 82 ; Baccio vs. People, 41 N. Y., 265 ; Lacy vs. State, 45 Ala., 80 ; State vs. Richards, 33 Iowa, 420; State vs. Shuttleworth, 18 Minn., 208 ; 1 Phillips on Evidence, 184; Hulst vs. State, 23 Texas Ct. App., 1 ; 2 Bishop's Criminal Procedure, sec. 963 ; 1 Wharton's

Criminal Law, sec. 566; 1 Russell on Crimes, sec. 925. The female outraged should seek the first opportunity to complain, and the fact that she does complain goes to the jury as evidence, but her detailed statement of the circumstances under which she was outraged cannot be given in evidence on the trial of the case by the party to whom she made the statement. Such testimony is hearsay, and it is calculated to confuse and mislead the jury and is not permissible. In the case at bar when the prosecuting witness was placed on the stand but few questions were asked her by the State Attorney, notwithstanding she was the only witness to the transaction, and the State sought to prove facts before the jury by the statements of the witness made at another time, and when not under oath, instead of then proving them by the only witness that could know of their existence, if in fact they did exist. Such a practice would be very dangerous and it should never be allowed.

16. The court erred on the 29th day of March, 1888, at the opening of the court in ruling and announcing that the defendant's counsel would not be allowed to argue any objections to evidence, or cite any authorities in support of any objection, unless the court should request such argument to be had, or such authorities cited.

Now, if the court intended to apply this rule to the counsel for the defence only, it was certainly unfair to the defendant, but if it applied alike to the counsel on either side we can see no objection to it. The trial of causes must be under the control of the courts, whose duty it is to see that causes are conducted according to law, having due regard to the interests of the public and the accused. If it were otherwise the time of the courts might be taken up by the captious objections and argument of counsel, greatly to the detriment of the interests of all parties interested.

18. The court erred in refusing to allow the defendant to

introduce in evidence the memorandum of W. W. Clyatt, taken as stenographer at the former term of the court, and in ruling that said Clyatt must state from his own remembrance and recollection what the witnesses said.

When placed on the stand this witness (Clyatt) said that he could not swear that he got the exact words of the witnesses in the case at the former trial down, that he thought that he got down substantially what each witness stated. Thus showing that he did not know whether he took down the evidence correctly or not. It was the duty of the stenographer to take down the evidence correctly, and had he done so, he could have testified as to its correctness before the jury, but being unable to swear to the correctness of his notes, the court committed no error in refusing to allow him to read them to the jury as evidence. The witness was allowed to refresh his memory by his notes, and the accused thereby doubtless received all the benefit from the witness' notes and recollection he was entitled to.

20. The court erred in refusing to give the charges asked by the defendant, and in giving the charges asked by plaintiff's attorney, and objected to by the defendant's attorneys.

The part of the court's charge objected to by defendant is the fifth paragraph, which is:

"To constitute rape, it is not necessary to prove emission, but it will be sufficient if it be proven to your satisfaction that there was the slightest penetration by the prisoner's sexual organ of the sexual organ of Rilla Davis, the prosecutrix."

Now, to take and consider this paragraph of the charge alone, it is not correct, but when it is considered in connection with the whole charge, it is correct. In the sec-

ond paragraph the court charged the jury : "If the jury do not believe from the evidence that the prisoner did ravish and carnally know Rilla Davis, the prosecutrix, by *force and against her will,* then you must acquit him." Which instruction, when considered with the other paragraphs of the charge, contains the law of the case.

The 23d ground of the motion for new trial is :

Because one of the jurymen who sat on this case, John Johnson, was under prosecution for gambling, at this term of the court.

There is nothing whatever in the record to show that the juror, Johnson, was at the time he sat on the jury, under prosecution for any offense, and in the absence of evidence to establish this fact the presumption is, that Johnson was at the time a qualified juror.

The 25th ground of the motion for new trial is :

Because some of the grand jurors who found the indictment in this cause and brought the same into court were not at the time of the finding of said indictment registered voters of Marion county, and were not qualified to sit on the grand jury, to-wit: Chapple Austin and Major Thomas. This objection comes too late when first made in the motion for new trial, as objections that relate to the summoning, qualifications and organization of the grand jury must be taken by motion or plea in abatement before pleading to the indictment. Gladden vs State, 13 Fla., 623 ; Burroughs, vs. State, 17 Fla., 643 ; Potsdamer vs. State, 17 Fla., 895.

In regard to the organization of grand juries we will state that the safer practice is, to take only those whose names appear on the registration list. Any departure from this practice is dangerous, as the presumption is that only those whose names are on the list are qualified to serve.

There are other errors assigned, and other grounds of the motion for new trial, but we do not consider them important.

The judgment is reversed, and the cause is remanded with directions that a new trial be granted.