I. N. JOHNSON, *Plaintiff in Error,* v. THE STATE OF FLOR-
IDA, *Defendant in Error.*

1. An information that alleges all the essentials of a statutory
   offense in language equivalent in force and meaning to the
   statutory terms and is not so framed as to mislead defend-
   ant or to embarrass him in the preparation of his defense or
   to expose him to another prosecution for the same offense,
   will not be held fatally defective on motion to quash.

2. Where in alleging a statutory offense in which violence is an
   element, an allegation of the unlawful use of force may under
   the circumstances alleged to be equivalent to an allegation of
   violence.

3. Section 3882 General Statutes of 1906 authorizes informa-
   tions charging offenses to be filed in vacation in the Criminal
   Courts of Record, and where an information is properly
   lodged with the clerk of the court, an omitted file mark may
   by order of the court be placed upon the information *nunc
   pro tunc* when the facts warrant it.

4. When an information is properly marked filed *nunc pro tunc*
   as of the day it was lodged with the clerk, a capias issued
   after the information was so lodged is not illegal and is ad-
   missible in evidence.

5  A charge that the defendant is presumed to know what he
   was doing and whether it was right or wrong and that the bur-
   den of proof is upon the defendant to raise a reasonable doubt
   in the minds of the jury as to the defendant's knowledge at
   the time of the commission of the offense, is not reversible
   error where in the same sentence of the charge the jury is
   instructed that "if from all the evidence in the case" they
   have a reasonable doubt as to whether the defendant knew
   what he was doing at the time of the commission of the
   offense, if an offense was committed, they will find the de-
   fendant not guilty.

This case was decided by Division A.

Writ of Error to the Criminal Court of Record, Orange County.

The facts in the case are stated in the opinion of the court.

*Frank W. Pope,* for Plaintiff in Error.

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—The information filed in the Criminal Court of Record for Orange County against the defendant there I. N. Johnson was in two counts. A verdict of guilty on the second count was rendered which operates as an implied acquittal on the first count. Smith v. State, 40 Fla. 203, 23 South. Rep. 854. It is, therefore, not necessary to consider any question relative to the first count of the information. Green v. State, 17 Fla. 669. The charging part of the second count is that the defendant in Orange County, Florida, on January 28, 1909, "While James A. Kirkwood, the sheriff of said Orange County, and Frank Gordon, a Deputy Sheriff in and for said county, were in the county aforesaid lawfully and by virtue of their said offices proceeding under a capias to arrest one Maud Johnson, did well knowing the premises, knowingly and willfully resist the said James A. Kirkwood and Frank Gordon in the discharge of their duty as such sheriff and deputy sheriff which they the said James A. Kirkwood and Frank Gordon were then and there attempting to perform, by gripping the hand of the said Frank Gordon and forcibly preventing him from opening the door of the room wherein the said Maud Johnson was and thereby obstructing the said James A. Kirkwood and Frank Gordon from entering to arrest the said Maud Johnson," &c.

Section 3500 of the General Statutes provides that "Whoever knowingly and willfully resists, obstructs or opposes any sheriff, deputy sheriff, constable or other person legally authorized to execute process, in the execution of legal process or in the lawful execution of any legal duty, by offering or doing violence to the person of such officer or legally authorized person, shall be punished," &c.

It is contended that the information is fatally defective because the charge is not in the language of the statute or in language of equivalent import; that it is not alleged that the officer was legally authorized to execute the capias, or that the capias was legal process; that it is not alleged that the gripping of Frank Gordon's hand was done violently or that there was any violence or offer of violence by the defendant.

The gist of the statutory offence charged is knowingly and willfully resisting, obstructing or opposing the execution of legal process by offering or doing violence to the person of the officer. The information charges a knowing and willful resistance of an officer while lawfully proceeding to execute a capias by gripping the hand of the officer and forcibly preventing him from opening the door of the room in which was the person for whom the capias was issued, thereby obstructing the officer in entering the room to make the arrest. This charge sufficiently states all the essentials of the statutory offense. The allegation that the officer was lawfully and by virtue of his office proceeding under a capias to make the arrest is a sufficient charge that the officer was legally authorized to execute the command of the capias and that the capias was legal process. The allegation that the defendant gripped the hand of the officer and forcibly prevented him from opening the door for the purpose of making the arrest under the capias necessarily involves resistance and an act of violence to the person of the officer while

engaged in the execution of legal process. The force alleged is unlawful and as such is synonymous with violence. See Bouvier's Law Dic. 1197; 8 Words & Phrases, 7327. The information is not so framed as to mislead the defendant or to embarrass him in the preparation of his defense or to expose him to another prosecution for the same offense. Sections 3961, 3962 General Statutes of 1906; Lewis v. State, 55 Fla. 54, 45 South. Rep. 998.

A charge that follows the language of the information is not faulty because it fails to use the word "violence," but states facts that amount to violence.

Section 3882 General Statutes of 1906 authorizes informations to be filed in vacation in the Criminal Courts of Record, and where an information is properly lodged with the clerk of the court an omitted file mark may by the order of the court be placed upon the information *nunc pro tunc* when the facts warrant it. A capias duly issued on an information actually lodged with the clerk of the Criminal Court of Record is not rendered illegal because no file mark was placed upon the information. When an information is properly marked filed *nunc pro tunc* as of the day it was lodged with the clerk, a capias issued after the information was so lodged is admissible in evidence.

A charge that the defendant is presumed to know what he was doing and whether it was right or wrong and that the burden of proof is upon the defendant to raise a reasonable doubt in the minds of the jury as to the defendant's knowledge at the time of the commission of the offense, is not reversible error where in the same sentence of the charge the jury is instructed that "if from all the evidence in the case" they have a reasonable doubt as to whether the defendant knew what he was doing at the time of the commission of the offense, if an offense was committed, they will find the defendant not guilty.

The court refused to give the instructions requested by the defendant. Some of these instructions were not properly applicable to the facts in issue and the others were sufficiently covered by charges given.

Charges given by the court fairly covered the defense made of incapacity to commit the offense because of intoxication. The evidence supports the verdict and no reversible errors are made to appear.

The judgment is affirmed.

SHACKLEFORD and COCKRELL, JJ., concur.

TAYLOR, P. J., and HOCKER and PARKHILL, JJ., concur in the opinion.