THOMAS C. CANNON AND SIMEON S. DRIGGERS, *Plaintiffs in Error, v.* THE STATE OF FLORIDA, *Defendant in Error.*

CRIMINAL LAW—PLEAS IN ABATEMENT, STRICT CERTAINTY REQUIRED OF—RECALLING GRAND JURY THAT HAS BEEN DISCHARGED—NUMBER OF GRAND JURY NECESSARY TO INDICT—ABANDONED ASSIGNMENTS OF ERROR.

1. Pleas in abatement being dilatory are not favored by the courts and must be strictly construed, they must be certain to certain intent in every particular, they must be unambiguous, and must leave nothing to be supplied by intendment, and must leave no supposable special answer unobviated.

2. A grand jury that has been discharged or dismissed may be recalled and reassembled during the same term of the court, and proper indictments then properly returned by them are valid.

3. By a special order a term of our Circuit Courts may be adjourned or recessed over to a fixed date until after the sitting of the court in another place or county, and in such case upon reassembling at the date fixed in the order of adjournment, it will be but a continuation of the same original term, and a grand jury that has been discharged may be then lawfully recalled and reassembled, and any proper indictment then properly returned by them will be valid.

4. When a grand jury investigates a case before them by examination of witnesses, and upon such investigation presents an indictment, but in such indictment makes a mistake in a name therein set forth, or in any other respect, and such grand jury is subsequently recalled to correct the mistake, and they do correct it by returning a new and correct indictment, it is not necessary to the validity of such new and corrected indictment that such grand jury should before returning it have re-examined and reheard the witnesses upon whose evidence the first incorrect indictment was found.

5. Every indictment must be found and presented by at least twelve members of the grand jury, but it is not necessary to the validity of an indictment that all of such grand jury above that number should be either present or consenting.

6. Where the following statements in the briefs of counsel: "We are of the opinion that the motion for new trial should have been sustained by the lower court for the reasons set out in the motion." "None of the assignments of error are abandoned—we insist on them all, " constitutes the only argument or presentation here of an assignment of error predicated on the denial of the motion for new trial, Held, That this is but a reiteration of the assignment of error, without any argument,and is an abandonment of such assignment here.

This case was decided by Division B.

Writ of error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*L. E. Roberson,* for Plaintiffs in Error;

*Park Trammell,* Attorney General, for the State.

TAYLOR, J.—The plaintiffs in error as defendants below in the Circuit Court of Polk County on an indictment charging them with murder in the first degree were convicted, the defendant Thomas C. Cannon of murder in the second degree, and the defendant Simeon S. Driggers of manslaughter and were sentenced as the law provides and seek a reversal of the sentences imposed by writ of error.

Before pleading in bar the defendants interposed the

following plea in abatement: "Now come the said Thomas
C. Cannon and Simeon S. Driggers in their own proper
persons in the court here and having had the said indict-
ment read, saith, that the State ought not further to prose-
cute the said indictment against them, the said Thomas
C. Cannon and said Simeon S. Driggers because they saith
that heretofore, to-wit: on the 21st day of March, nineteen
hundred and eleven, the said Circuit Court was convened
for the Spring term of the said court in said county, at
which time a grand jury was duly empanelled for the
transaction of such business as might come before it, and
that on the 24th day of March, nineteen hundred and
eleven, said grand jury having completed its labors made
its final report to said court, and was duly discharged by
his honor the judge of said court, for said term and al-
lowed to go hence; that on the 25th day of March, nineteen
hundred and eleven, his honor, the Circuit Judge, ad-
journed the said Spring term of said court, all of which
more fully appears by the records of said court; that on
the sixth day of April, nineteen hundred and eleven, his
honor, the Circuit Judge, recalled the said grand jurors by
a writ to the sheriff of said court, requiring the presence
of the said grand jurors on the seventh day of April, nine-
teen hundred and eleven, at nine o'clock A. M. for the pur-
pose of having the said grand jury re-indict these defend-
ants; that on the forenoon of April the seventh, nineteen
hundred and eleven, sixteen members of the previous
grand jury answered to the call of their names, W. K.
Keen and C. C. Hardin of the original panel not answer-
ing and not appearing. Whereupon the court adminis-
tered to said sixteen the formal oath to diligently inquire
and true presentment make of all such matters as shall
come to their knowledge and then charged said body that
it had been discovered a mistake had been made in the

indictment against these defendants in the name of the deceased, and instructed them to retire to their rooms and investigate said case. Whereupon said body of sixteen grand jurors repaired to their room and without having heard any testimony on said date returned into court the indictment here pleaded unto. These defendants allege that said indictment so returned against them is illegal and of no effect for the following reasons: First, that said grand jury was illegally constituted and assembled, in that they were not drawn and selected in the manner required by law.

Second, because said grand jury was charged by the court to investigate said case and did not do so.

Third, because said grand jury found and returned said indictment as a true bill without having heard any testimony or having any witnesses before them on said date, and so the said Thomas C. Cannon and the said Simeon S. Driggers say that the action of the said grand jury on the seventh day of April, nineteen hundred and eleven, in indicting these defendants was and is illegal. And the said Thomas C. Cannon and the said Simeon S. Driggers in fact saith that they are the same parties so indicted and named in said indictment of said grand jury on the seventh day of April, nineteen hundred and eleven, and not other and different persons. And this the said Thomas C. Cannon and the said Simeon S. Driggers are ready to verify; therefore, they pray judgment and that by the court that the said indictment be quashed, for the reason that the action of the said grand jury was and is illegal and without authority of law."

To this plea the State Attorney demurred upon divers grounds, which demurrer was sustained by the trial court, and this ruling constitutes the only assignment of error that is argued or presented here.

In a long line of decisions here we have held the rule to be that pleas in abatement being dilatory in character are not favored by the courts and that they must be certain to certain intent in every particular, they must be unambiguous, and must leave nothing to be supplied by intendment, and must leave no supposable special answer unobviated. Taylor v. State, 49 Fla. 69, 38 South. Rep. 380; Woodward v. State, 33 Fla. 508, 15 South. Rep. 252; Reeves v. State, 29 Fla. 527, 10 South. Rep. 901; Jenkins v. State, 35 Fla. 737, 18 South. Rep. 182; Sheppard v. State, 36 Fla. 374, 18 South. Rep. 773; Tervin v. State, 37 Fla. 396, 20 South. Rep. 551; Hodge v. State, 29 Fla. 500, 10 South. Rep. 556; Miller v. State, 42 Fla. 266, 28 South. Rep. 208; Knight v. State, 42 Fla. 546, 28 South. Rep. 759; Easterlin v. State, 43 Fla. 565, 31 South. Rep. 350; Kelly v. State, 44 Fla. 441, 33 South. Rep. 235; McLeod v. Citizens Bank, 61 Fla. 350, 56 South. Rep. 190.

In the case of Green v. State, 60 Fla. 22, 53 South. Rep. 610, we have held that a grand jury that has been discharged or dismissed may be recalled and reassembled during the same term of the court, and that indictments then properly returned by them are valid. See Section 3860 General Statutes of 1906.

In the case of Peeples v. State, 46 Fla. 101, 35 South. Rep. 223, we have held there is nothing in the statutes of this State limiting a term to a continuous sitting, not interrupted by the holding of a term in another county, and by several courts it has been held that by a special order a term may be adjourned over until after the sitting of the court in another place, citing State v. Van Auken, 98 Iowa 674, 68 N. W. Rep. 454; State of Florida v. Charlotte Harbor Phosphate Co., 70 Fed. Rep. 883; State v. Rogers, 56 Kan. 362, 43 Pac. Rep. 256; Kingsley v. Bagby, 2 Kan. App. 23, 41 Pac. Rep. 991. This plea of the de-

fendants is uncertain in its statement as to the adjournment of the term; it simply says that the Circuit Judge on the 25th day of March, 1911, adjourned the said Spring term of said court, all of which more fully appear by the records of said court, and on the 6th day oi April, 1911, recalled the said grand jury. The records of the court here alluded to in the plea may have shown, had the facts been fully stated in the plea, that the Spring term of said court was not adjourned *sine die,* but on the contrary that said Spring term was continued over and adjourned or recessed only until April 6th, when it reconvened, and if this be true then it was but a continuation of the same Spring Term, though a term may have been held in another county during the interval of the recess—and in such event the court committed no error in then recalling and reassembling the same grand jury, and having them to correct any mistake they may have made in any indict-ment found by them during their first sitting, by return-ing new indictments to take the place of those in which such mistakes existed—and any indictment then properly presented by them would be valid. The plea in abatement should have negatived the idea that this adjournment of the court was not a final adjournment, but only a recess of the same term for a few days and to a day fixed and certain. This defect in the plea subjected it to demurrer and the court below committed no error in sustaining such demurrer. As to the contention of the plea that the indictment was invalid because the grand jury took no testimony on the date that they returned or presented it, this is without merit. The plea shows on its face that this same grand jury had investigated this case before and presented an indictment therein, but had therein mis-stated the name of the deceased—and that this new in-dictment was returned by them on the same evidence as

the former one, and was practically the same indictment as the former one, only with the name of the deceased correctly stated. Under these circumstances it was not necessary for the same grand jury to rehear or retake the same testimony upon which they found and returned the first indictment. As to that ground of the said plea that complains of only sixteen grand jurors being present and taking part in the return of the indictment, there is no merit. In Gladden v. State, 12 Fla. 562, it was held that every indictment must be found by at least twelve, but it is not necessary that all above that number should be present consenting.

As to the other assignments of error all that is said is the briefs in reference to them is the following: "We are of the opinion that the motion for new trial should have been sustained by the lower court, for the reasons set forth in the motion." "None of the assignments of error are abandoned. We insist on them all." This was but a reiteration of the assignments of error, without any argument, and is an abandonment of such assignments here. Thomas v. State, 36 Fla. 109, 18 South. Rep. 331.

Finding no error the judgment of the Circuit Court in said cause is hereby affirmed at the cost of Polk County, the plaintiffs in error being adjudged to be insolvent.

HOCKER and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.