P. C. Cox, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. Where an indictment contains several distinct and separate counts, a verdict of guilty specifically confined to one count, is in law an implied acquittal of the offenses charged in the other counts.

Carlton, *et al.*, v. State—Opinion of Court.

2. Where there is a Criminal Court of Record in a county, the Circuit Court of that county has no trial jurisdiction of an indictment or a count of an indictment charging an offense not capital, or to render a judgment or sentence of conviction predicated upon an indictment or count charging an offense not capital.

3. Where on a trial in the Circuit Court upon an indictment containing three counts, one of which counts charges an offense not capital, and a verdict of guilty is returned only as to the count that charges an offense not capital, the verdict operates as an acquittal on the other counts, and a sentence rendered upon such verdict will be reversed, when there is a Criminal Court of Record in the county, since the latter court alone would have jurisdiction to try "criminal cases not capital which shall arise in" the county.

4. Section 3192, General Statutes of 1906, should be construed with reference to the constitutional jurisdiction of courts.

Writ of Error to the Circuit Court for Dade County.

The facts in the case are stated in the opinion of the court.

*Price & Railey,* and *H. P. Branning,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

WHITFIELD, C. J.—P. C. Cox was tried in the Circuit Court for Dade County upon an indictment consisting of three separate and distinct counts. The first count charged murder in the first degree; the second count charged an unlawful aiding and procuring of murder; the third count charged accessory after the fact of murder. The defendant was convicted on the third count.

A motion in arrest of judgment was denied. The defendant took writ of error.

Where an indictment contains several distinct and separate counts, a verdict of guilty specifically confined to one count, is in law an implied acquittal of the offenses charged in the other counts. Johnson v. State, 58 Fla. 68, 50 South. Rep. 529; Smith v. State, 40 Fla. 203, 23 South. Rep. 854; Green v. State, 17 Fla. 669.

A ground of the motion in arrest of judgment is that the third count of the indictment on which alone the defendant was convicted, does not charge a capital offense, and as there is a Criminal Court of Record in Dade County, the Circuit Judge had no jurisdiction to try the defendant for the offense charged in the count on which he was convicted.

The constitution provides that "The Circuit Courts shall have exclusive original jurisdiction .......... of all criminal cases not cognizable by inferior courts." "There shall be established in the county of Escambia, and upon application of a majority of the registered voters in such other counties as the legislature may deem expedient, a criminal court of record." "The said courts shall have jurisdiction of all criminal cases not capital which shall arise in said counties respectively." "All offenses triable in said court shall be prosecuted upon information under oath, to be filed by the prosecuting attorney, but the grand jury of the circuit court for the county in which said criminal court is held may indict for offenses triable in the criminal court. Upon the finding of such indictment the circuit judge shall commit or bail the accused for trial in the criminal court, which trial shall be upon information." Sections 11, 24, 25, 28, Article V. Constitution of 1885.

Section 3192 of the General Statutes of 1906, relating to the trial of persons charged as being accessories after the fact of a crime, should be applied with reference to the constitutional jurisdiction of the courts.

Under the above quoted provisions of the organic law a trial on the third count of the indictment should not have been had in the Circuit Court, since such count charges an offense not capital, and there is a Criminal Court of Record established in Dade County. The Circuit Court had no jurisdiction to try the defendant on the count charging an offense not capital, or to render a judgment or sentence of conviction predicated on a verdict of guilty under such count.

As the case must be remanded for trial upon information in the Criminal Court of Record as the law directs, the alleged defects in the indictment need not be considered here.

The judgment is reversed and the cause will be remanded in order that the Circuit Judge may commit or bail the accused for trial in the Criminal Court, which trial shall be upon information as required by the constitution of the State. It is so ordered.

TAYLOR, SHACKLEFORD, COCKRELL and HOCKER, J. J., concur.