JAMES V. WHITE, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. A plea of former jeopardy, a jury having been discharged for inability to agree, should set up *facts* showing that the jury was discharged arbitrarily or capriciously, or without cause or necessity.

2. A mistrial by reason of the inability of a jury to agree after four hours of deliberation does not constitute former jeopardy, even though the trial had lasted several days, the issue being comparatively simple.

3. An exclamation "Jim for God's sake don't do that, it will ruin me," uttered by the deceased shortly before the homicide, sufficiently shows his state of mind, and the court may refuse to go into the details of the causes leading to the exclamation.

Writ of error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*Lewis & Buford, Smith & Davis* and *J. W. Kehoe,* for Plaintiff in Error;

*Park Trammell,* Attorney General, and *C. O. Andrews,* for the State.

COCKRELL, J.—This case is before us for the second time. On the first hearing (59 Fla. 53, 52 South. Rep. 805) we reversed a conviction of murder in the second degree upon a question as to admissibility of evidence, and White now stands convicted of manslaughter.

At the Fall Term, 1910, of the Circuit Court for Jackson county, White was again tried resulting in the following judgment:

"The jury in said cause empaneled, after hearing all the evidence submitted to them, the argument of counsel for the defendant, and receiving the charge of the court, retired to consider their verdict, and after considerable time spent in the jury room, returned into court and reported that they were unable to agree upon a verdict, and thereupon the court ordered a mistrial entered in said cause and the said jury then empaneled to be discharged, and the said defendant to be held under the original bond in said cause."

The case coming on again for trial at the Fall term, 1911, White pleaded in bar to the effect that above minute entry was incomplete, that in fact the jury were recalled by the court *sua sponte,* without the request or the consent of the accused, and "without any legally sufficient grounds therefor, and without the necessity therefor being absolute, manifest or urgent, and without having given said jury sufficient time to deliberate therein, then and there discharged the said jury of his own motion, and ordered that a mistrial be declared." The specific facts set up in support of this assault upon the action of the court are that the trial lasted four days, forty-six witnesses being examined, and six hours

being allowed the six attorneys engaged in their argument to the jury, whereas the case was given to the jury at 3:50 P. M., and at eight being of the same day they were discharged, and that the final adjournment of the term did not take place until two days thereafter. It is also alleged that the order of the court was an arbitrary and unauthorized act. A demurrer to the plea was sustained.

We have not before us the minutes of that term of the court, but we are advised by the transcripts on the former hearing here as also on this of the nature of the only issue of fact probably presented to the discharged jury, and that issue is a comparatively simple one. White admits the killing of Dr. Alexander, but claims he acted upon the appearance of danger to his own life. Dr. Alexander was armed only with an umbrella, while White, a deputy sheriff, always armed, had on this occasion two pistols.

In this State, when the court has discharged a jury for inability to agree, a plea of former jeopardy should set up *facts* showing that the jury were discharged arbitrarily or capriciously, or without cause or necessity. Smith v. State, 40 Fla. 203, 23 South. Rep. 854. We are perhaps committed to that line of decisions, holding that the trial court's action is a judicial discretion subject to review, but much must be indulged in favor of its ruling, when a legal ground therefor is set forth in the order. It is well nigh impracticable to place the appellate court in position to see all the incidental facts affecting the action.

Four hours time for deliberation upon so hotly contested a case as this, may seem short, nor does the necessity for the discharge clearly appear; but in consideration of the probable simplicity of the issues before that

jury, we cannot hold that the court's action deprives the State of its right to further prosecute the cause.

In addition to the Smith case *supra,* we further cite Ellis v. State, 25 Fla. 702, 6 South. Rep. 768; Adams v. State, 34 Fla. 185, 15 South. Rep. 905; Tervin v. State, 37 Fla. 396, 20 South. Rep. 551; Johnson v. State, 54 Fla. 45, 44 South. Rep. 765; also Dreyer v. Illinois, 187 U. S. 71, 23 Sup. Ct. Rep. 28, S. C. 188 Ill. 40, 58 N. E. Rep. 620, 59 N. E. Rep. 424; United States v. Lee, 123 Fed. Rep. 741; State v. Stephenson, 54 S. Car. 234, 32 S. E. Rep. 305; State v. McMillen, 69 Ohio St. 247, 69 N. E. Rep. 433.

Upon the trial of the issues raised by the plea of not guilty, there are several errors assigned upon the rejection of proffered testimony.

In obedience to the former decision of this court, testimony was admitted that at the end of a conference held about two hours before the fatal meeting, White threatened to make public a statement about Dr. Alexander, to which the latter replied "Jim for God's sake don't do that, it will ruin me;" and also permitted evidence that Alexander knew what the publication was to be. The court however refused to permit the defendant to tell the jury what the accusation was.

We think the evidence along this line had proceeded sufficiently far. Its only possible relevancy was to assist the jury in ascertaining White's probable grounds for fear when the subsequent meeting took place, and Alexander's possible mental attitude was as fully indicated by the exclamation as it would have been by the details of the threatened exposure.

The defendant has been given a trial before a jury of which he does not complain, with every safeguard of the law protecting him, and aided by zealous counsel.

We fail to find wherein any substantial error of law has been committed and have no hesitancy, upon a careful review of the whole record, in affirming the sentence imposed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND HOCKER, J. J., concur.