DELMA HAYS, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion filed September 4, 1930.

*Watt Lawler* and *Louis O. Gravely*, for Appellant;

*Fred H. Davis*, Attorney General, and *Roy Campbell*, Assistant Attorney General, for Defendant.

TERRELL, C. J.—Plaintiff in error was indicted for murder in the second degree and a trial resulted in a verdict and judgment for manslaughter. He was sentenced to pay a fine of three thousand dollars and in default thereof to be confined in the state penitentiary for ten years. Writ of error was taken to the judgment.

A plea in abatement was tendered to the indictment before going to trial. This plea was predicated on the allegation that the jury list from which the grand jury was drawn, that indicted plaintiff in error, contained only one hundred eight names when said list should have contained two hundred names. A demurrer to the plea in abatement

was sustained and after hearing evidence on the issue made thereto the plea was denied. Exception was taken to both these orders and assignments made thereon but they were abandoned in this Court. The record does not affirmatively show that the jury list contained only one hundred eight names. If it did the plea would have been good under the rule announced in Lake v. State, decided July 29, 1930.

Other assignments are directed to the sufficiency of the evidence to support the verdict and the refusal of the trial court to permit the defendant to withdraw his plea of "not guilty" and interpose a motion to quash the indictment.

It was within the discretion of the trial court to permit the withdrawal of the plea of "not guilty" for the purpose of making a motion to quash the indictment. The indictment has been examined and found good as against a motion to quash so there was no error in refusing to allow the plea of "not guilty" to be withdrawn.

The evidence has been examined and is sufficient to support the verdict.

Affirmed.

WHITFIELD, STRUM and BUFORD, J. J., concur.