### Ex Parte PERRY ACREE.

149 So. 15.

Division B.

Opinion filed June 1, 1933.

*Martin & Martin* of Plant City, for Petitioner;

*Cary D. Landis, Attorney General,* and *Roy Campbell, Assistant,* for Respondent.

PER CURIAM.—In *habeas corpus* proceedings it is contended that the petitioner is entitled to a discharge from custody under a conviction for murder in the first degree on the ground that the indictment was found by a grand jury that was recalled after the term of the Circuit Court had been "adjourned without day, or recessed without day,

and no special order having been made adjourning or recessing said court to any future day." Such contention cannot be sustained.

The transcript of the record shows that the court was in session and after transacting business on March 26, 1932, the "court did recess." On March 28, 1932, the court ordered the sheriff to summon to the courthouse in Bartow, Florida, "the regular grand jury selected for the Spring Term of said court which is now in recess on the 29th day of March, A. D. 1932," on which latter day the court was in session and the indictment was found and returned in open court. The "court having received the above presentment, and having inspected and approved the same, the clerk was ordered to file the same. Court did then recess until Thursday, March 31, A. D. 1932, at 10:00 o'clock A. M." The conviction and sentence occurred April 16, 1932. The court adjourned *sine die* on October 1, 1932.

The record entry of March 26, 1932, that "court did then recess," shows there was no adjournment for the term, even though the recess was not to a stated future day; and the court had authority to recall the grand jury. Section 8221 (5955), Comp. Gen. Laws, 1927; Green v. State, 60 Fla. 22, 53 So. 610; Cannon v. State, 62 Fla. 20, 57 So. 240.

The petitioner is remanded.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.