## ALFRED BRANNON v. STATE.

157 So. 336.
Division B.
Opinion Filed November 2, 1934.

S. M. Preacher, for Plaintiff in Error;

Cary D. Landis, Attorney General, and Roy Campbell, Assistant, for the State.

BUFORD, J.—The writ of error here is to review a judgment of the Circuit Court of Walton County wherein the plaintiff in error was convicted of an assault with an intent to commit manslaughter under an indictment charging the defendant in the court below with the offense of assault with intent to kill and murder one Clarence Morrison.

Plaintiff in error contends that he was indicted at the Winter Term of the Circuit Court of Walton County, but the first indictment returned against him was defective.

The defect was discovered after the grand jury had been discharged. Thereupon the grand jury was recalled during the same term of the court and returned the indictment under which the defendant was tried.

The defendant filed a plea in abatement in the following language:

"That the indictment herein was returned into court the 12th day of January, A. D. 1934, by the grand jury after it had made its final report and had been discharged, and after it had been resummoned and that said grand jury had not been resworn after it had been reassembled, before or at the time of returning said indictment."

The State filed a demurrer to the plea. The demurrer was sustained.

Section 5955 R. G. S., 8221 C. G .L., provides as follows:

"*Discharge and recall of grand jury.*—When the grand jury attending any court shall have been dismissed before the court is adjourned without day, they may be summoned to attend again in the same term at such time as the court shall direct, for the dispatch of any business that may come before them."

There is no showing in the record that the allegations of the plea are true. In Hays v. State, 100 Fla. 734, 130 Sou. 6, we said:

"It is not error to sustain a demurrer to a plea in abatement when the record fails to support affirmatively the allegations therein."

But, even if the record had affirmatively shown the condition which the allegations of the plea assert, the demurrer was properly sustained because, as we held in Green v. State, 60 Fla. 22, 53 Sou. 610:

"A grand jury that has been discharged or dismissed may be recalled and reassembled during the same term of the

court and indictments then properly returned by them are valid and it is not necessary for the judge to make a formal order vacating his order discharging such grand jury, since the order recalling them is tantamount to a vacation of the order discharging them."

See also Cannon v. State, 62 Fla. 20, 57 Sou. 204; *Ex Parte* Acree 110 Fla. 373, 149 Sou. 15.

We have considered other assignments of error and find that no reversible error is made to appear.

The judgment should, therefore, be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

DAVIS, C. J., concurs in the opinion and judgment.