72 So.2d 400 (1954)
KAMINSKI et al.
v.
STATE.
Supreme Court of Florida. Special Division A.
April 13, 1954.
Rehearing Denied May 27, 1954.
Dayton & Dayton, Dade City, Charlie Luckie, Jr., Clearwater, for appellants.
*401 Richard W. Ervin, Atty. Gen., Mark R. Hawes, Asst. Atty. Gen., for appellee.
SEBRING, Justice.
Kaminski and Isaacs were tried and found guilty of assault with intent to commit murder. Judgment and sentence were entered and the defendants appealed.
The information in the case, which appears to have been sworn to by the County Solicitor on March 13, 1951, was filed in the Criminal Court of Record of Dade County on March 12, 1951. Subsequently, the defendants entered a plea of not guilty to the charge contained in the information and went to trial. The jury returned a verdict against them and judgment was rendered, from which the defendants appealed. This Court reversed the judgment for procedural errors in respect to the admission of evidence and ordered a new trial. Kaminski v. State, Fla., 63 So.2d 339.
After our mandate went down the case was set for the second trial on the information. At the beginning of the trial the defendants filed their motion for leave to withdraw their pleas of not guilty and to file a motion to quash the information on the ground that "it affirmatively appears from the records * * * that the said Information * * * filed * * * on the 12th day of March, 1951 * * * was not sworn to by the County Solicitor * * until the 13th day of March, 1951, and * * after the swearing * * * was not refiled."
The defendants have assigned as error the denial of the motion by the trial court.
It is provided by section 909.01, Florida Statutes 1951, F.S.A., that "Either prior to or upon being arraigned, the defendant shall, unless the court grants him further time, either move to quash the * * * information or plead thereto, or do both. If he moves to quash, without also pleading, and the motion is withdrawn or overruled, he shall immediately plead."
Section 909.06, Florida Statutes 1951, F.S.A., provides, in part: "If the defendant does not move to quash the * * * information before or at the time he pleads thereto he shall be taken to have waived all objections which are grounds for a motion to quash. * * *"
As appears from the record, the information was filed in the case on March 12, 1951. On April 17, 1951, the defendants were arraigned and pleaded not guilty. The first time any objection was raised as to the propriety of the information was approximately 28 months after it had been filed, after this Court had reversed the judgment for procedural errors and had remanded the case for a new trial. Since the judgment of reversal was predicated upon error in the course of trial, "the effect of the reversal [was to restore] the accused to the point where that error was committed," at the point of commencement of trial upon the plea of not guilty theretofore entered. Ex parte Livingston, 116 Fla. 640, 156 So. 612. It cannot be said that the court abused its discretion in refusing at that point to permit defendant to withdraw his plea and filed a motion to quash. Section 909.06, supra. Bryan v. State, 41 Fla. 643, 26 So. 1022; Haddock v. State, 141 Fla. 132, 192 So. 802; Shumake v. State, 90 Fla. 133, 105 So. 314; Hays v. State, 100 Fla. 734, 130 So. 6. See also Johnson v. State, 58 Fla. 68, 50 So. 529; 27 Am.Jur., Ind. and Inf., section 188, n. 14 and 15; 42 C.J.S., Indictments and Informations § 331.
The only other question on the appeal is whether the evidence was sufficient to sustain the verdict and judgment. We are of the view that this question must be answered in the affirmative.
The judgment appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., TERRELL, J., and ROGERS, Associate Justice, concur.