ANSTEAD, Judge,
concurring specially:
The trial court admitted into evidence, over the defendant’s objection, detailed statements by the investigating police officers as to what was told them by the victim of an attempted sexual battery. The court stated that the testimony was being admitted under the res gestae exception to the hearsay rule. The applicable law is set out in Ellis v. State, 25 Fla. 702, 6 So. 768, 770 (1889):
The female outraged should seek the first opportunity to complain, and the fact that she does complain goes to the jury as evidence, but her detailed statement of the circumstances under which she was outraged cannot be given in evidence on the trial of the case by the party to whom she made the statement. Such testimony [would be] hearsay .
Under this rule the police officers’ testimony would not be admissible. However, the victim herself testified as to the same facts set out in the officers’ testimony and there was overwhelming evidence of the defendant’s guilt. Because of these circumstances I believe the admission of the officers’ testimony constituted harmless error. See Irvin v. State, 66 So.2d 288 (Fla.1953).