WILL WILLIAMS, ALIAS BILL BAILEY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Confessions freely and voluntarily made are admissible in evidence, even though made to an officer having the party under arrest.

2. There is no error in refusing an instruction where the court has alreardy given the substance of the requested instruction in the general charge.

48 Fla.—5

3. Under an indictment charging the defendant with breaking and entering a building with intent to steal certain goods and chattels situated therein the defendant may be convicted upon proof of those facts even though no such goods and chattels were actually stolen. An instruction in such a case which requires the jury to find that goods and chattels were actually taken or stolen is properly refused.

4. Evidence examined and found sufficient to support the verdict.

This case was decided by Division B.

Writ of error to the Circuit Court for Santa Rosa county.

The facts in the case are stated in the opinion of the court.

*A. G. Campbell* for plaintiff in error.

*William H. Ellis,* Attorney-General, for the State.

CARTER, P. J.—In September, 1903, plaintiff in error was tried and convicted in the Circuit Court of Santa Rosa county upon an indictment presented against him at a former term charging the crime of breaking and entering a building with intent to commit a misdemeanor, and from the sentence imposed this writ of error was taken.

One of the State witnesses, W. W. Harrison, testified that he, being at the time a deputy sheriff, arrested the defendant upon the charge made against him; that the defendant made certain statements to him at that time; that they were voluntarily made without any inducements being offered or any threats made. The witness was permitted to testify to such statements over defendant's objection that they were inadmissible because made while under arrest.

It has been repeatedly held by this court that confessions or statements made by one to an officer having him under arrest are admissible if freely and voluntarily made, and as

the defendant's statements in this case were proven to be of that nature there was no error in admitting them. The first assignment of error which is based upon the ruling mentioned must, therefore, be overruled. *Green v. State,* 40 Fla. 191, 23 South. Rep. 851; *McNish et al. v. State,* 47 Fla. 69, 36 South. Rep. 176.

The second assignment of error is based upon the court's refusal to give a certain instruction relating to the presumption which might be drawn from the possession of property stolen by means of a recent breaking and entry. So far as the requested instruction asserted correct propositions of law applicable to the evidence, it was covered by the general charge of the court, and there was, therefore, no error in refusing it.

The court declined to give an instruction requested as follows: "It devolves upon the State to prove by evidence beyond a reasonable doubt that the house was broken and entered and the property taken without the consent of the owner; and should the evidence on the part of the State fail to prove to you that it was without the consent of the owner you would acquit the defendant." The refusal to give this instruction constitutes the basis for the third assignment of error. The indictment does not charge larceny or the taking of any property. It charges that defendant did unlawfully break and enter a certain described building with intent to steal, take and carry away certain goods and chattels therein being. Under these allegations the defendant could lawfully be convicted upon proof that he broke and entered the building with intent to steal, even though no property was actually taken, while the instruction requested required the proof to show that property was in fact taken. There was, therefore, no error in refusing it.

The fourth error assigned relates to the ruling denying the defendant's motion for a new trial. The only question presented in the briefs under this assignment is whether the evidence is sufficient to support the verdict. The court is of opinion that it is.

The judgment of the Circuit Court will be affirmed.

SHACKLEFORD, J., and WHITFIELD, J., concur.

TAYLOR, C. J., and HOCKER and COCKRELL, JJ., concur in the opinion.