ED. JOHNSON, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. The discharge of a jury without verdict does not constitute former jeopardy, where the jury were unable to agree upon a verdict after repeated instructions, and so stated to the court.

2. A plea of former jeopardy is bad that sets forth against the record that the true reason for a discharge of the jury was that a juror had mistaken the case on his voir dire and had in fact formed an opinion as to the merits.

3. A judge of a criminal court of record may order a jury from the bystanders when no jury has been drawn from the list; the transcript need not show why the judge failed to draw from the list.

This case·was decided by Division A.

Writ of Error to the Criminal Court of Record for Escambia County.

The facts in the case are stated in the opinion of the court. .

*Geo. W. Parker,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

COCKRELL, J.—Ed. Johnson was indicted, tried and convicted in the criminal court of record for Escambia county of the crime of an assault with intent to murder Quil McNair; he was sentenced to the state prison for a term of twelve years.

The first assignment of error is based upon the order sustaining the state's demurrer to a plea of former jeopardy. The minute entries of the first trial show that

upon submission of the cause "the jury retired to con-
sider of their verdict and afterwards came into court and
stated they could not agree upon a verdict, they were
further instructed by the court and directed to return
and further consider of their verdict. The jury being
brought into court upon order of the court, stated that
they could not agree upon a verdict, and they were fur-
ther instructed by the court and directed to return and
further consider of their verdict." Again on the same
date "the jury were again brought into court by order of
the court, and stated they could not agree upon a ver-
dict," whereupon a mistrial was ordered.

Under section 1093 of the Revised Statutes of 1892,
brought forward as section 1501 of the General Statutes
of 1906, as construed and applied by this court in Adams
v. State, 34 Fla. 185, 15 South. Rep. 905, there was am-
ple justification for the court's action in discharging a
jury which could not agree, even though the statute is
not so fully lived up to as to have warranted a reversal
had the court refused a mistrial. The plea offered car-
ries in it an insinuation that the true reason for the mis-
trial was not as stated in the court minutes but arose
from the action of a juror who announced that he had
mistaken the case on his voire dire and in fact had here-
tofore talked with a certain person, and that conversa-
tion so impressed his mind he could not divest himself
of its influence and that he differed with all of the other
jurors and there was therefore no possibility of a ver-
dict. The plea is not pleaded with that certainty re-
quired of such pleas, but waiving its defects and waiv-
ing the propriety of entertaining a plea that contradicts
a record, it sets forth a perfectly valid justification for
the court's action in ordering a mistrial. It discloses
a fact to the judge which would render a verdict against
the prisoner void or subject to be avoided by him, or
would render it impossible that a verdict should be

reached.    Tervin v. State, 37 Fla. 396, 20 South. Rep. 551.

The only other point upon which we are asked to reverse the judgment is that the court failed or refused to perform the duty of drawing the regular venire from the jury list, as required by law in such cases, to serve the second week of said term notwithstanding the fact that it had set a case for trial in the second week." The judge of the Criminal Court of Record for Escambia county is not on trial here nor is he called upon in any wise to explain wherein occurred the failure to draw a venire from the jury list; nor is there anything peculiarly sacred about the jury list beyond the limitations set by the legislature, and that limitation is merely that where no jury has been drawn from the list, the judge may order a jury from the bystanders or the body of the county at large.    In this case the venire was ordered summoned from the county at large and no injury appears to have been done the defendant by reason of the alleged irregularity.    Colson v. State, 51 Fla. 19, 40 South. Rep. 183.

It follows that the judgment must be affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.