S. BELCH, Superintendent of Florida State Reform School, *Plaintiff in Error,* v. EMMA MANNING, *Defendant in Error.*

In proceedings before a circuit or county judge to commit certain minors to the guardianship of the State Reform School under Section 9, Chapter 5388, Acts of 1905, where there is no finding by the court that the minor is a proper person for the guardianship of the State Reform School, "in consequence of incorrigible and vicious conduct," a judgment that the minor "is a suitable person to be committed to the Florida State Reform School" is insufficient to support a commitment, and a discharge may be secured on *habeas corpus.*

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*C. L. Wilson,* for plaintiff in error;

*L. E. Wade,* for defendant in error.

WHITFIELD, J.—The defendant in error upon *habeas corpus* was discharged from the state reform school. The superintendent of the institution upon whom the writ was served was allowed a writ of error and assigned as errors the issuing of the writ of *habeas corpus* and the discharge of the petitioner, Emma Manning from the state reform school.

Section 9 of chapter 5388, laws of Florida, acts of 1905, in so far as it authorizes circuit courts and county judges to commit minors over ten years and under eighteen years of age to the guardianship of the state reform school upon complaint in writing "and due proof made in the \presence of the person, that he is a proper person for the guardianship of said institution, in consequence of incorrigible and vicious conduct," has been held to be constitutional.    Pugh v. Bowden, 54 Fla. 45 South. Rep. 499.

The commitment is substantially in the form prescribed by the statute, but the judgment upon which the commitment is based is that "upon due proof. I do find that the said Emma Manning is a suitable person to be committed to the Florida state reform school." There is no finding by the court that the petitioner is a proper person for the guardianship of the Florida state reform school, *"in consequence of incorrigible and vicious conduct"* as contemplated by said section 9, chapter 5388.

The omission from the judgment of this essential

element of validity renders the judgment insufficient to support the commitment and the petitioner was properly discharged.

The judgment is affirmed. ·

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.