EDWARD SIMS, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Where evidence is admitted without objection, it is regarded as having been received by consent.

2. The grounds of objection to testimony should be specifically stated in the objection, and general grounds that the proffered testimony is irrelevant or immaterial will not avail if the evidence is admissible for any purpose.

3. If evidence is admitted without objection or if a question propounded to a witness is not objected to on proper grounds before it is answered, it is then too late to merely object on any ground to the evidence or to the answer to the question. In such cases a motion may be made to strike the evidence if the motion is based upon some ground of irrelevancy, immateriality or legal inadmissibility.

4. The physical or mental condition or appearance of a person, or his manner, habit or conduct may be proved by the opinion of an ordinary witness, founded on observation, therefore in a criminal prosecution it is not error to permit a witness to testify that upon observation the defendant "appeared like he was a pretty mad man."

5. A motion to strike all the testimony of a witness is properly denied when some of the testimony was admissible.

6. A motion to strike out testimony that had been admitted must be predicated upon some feature of irrelevancy, incompetency, legal inadmissibility or impertinency in the evidence itself, and not upon the ground that it is not sufficient.

7. The admissibility of testimony does not depend upon its sufficiency to prove the issue.

8. In a prosecution for homicide testimony that after the defendant ran off from the scene of the homicide he called to a companion who was present to "come on," is not wholly irrelevant.

9. In a prosecution for murder, a confession freely and voluntarily made by the defendant is admissible as in other criminal cases.

10. Where a homicide is shown, testimony as to a voluntary confession made by the accused is admissible to show the defendant's connection with the crime.

11. Before a confession is admitted in evidence, it should appear that it was freely and voluntarily made uninfluenced by any threat, promise, hope or other inducement.

12. If a confession comes from a mere sense of guilt, it is admissible as evidence of the guilt.

13. When it appears *prima facie* that a confession was freely and voluntarily made the burden is upon the defendant to show that it was in fact not a voluntary confession.

14. Whether a confession was voluntary or not may be shown by circumstances. A confession made while under arrest or in custody is admissible if it was voluntarily made and was not influenced by any inducement.

15. The admissibility of a confession is for the court to determine. When it appears that a legal foundation was laid for admitting a confession as having been freely and voluntarily made uninfluenced by the attending circumstances or by inducements, the confession is admissible in evidence, its probative force being for the jury to determine in the first instance.

16. A mere objection to the manner of conducting the cross-examination with no ruling and exception can not be considered by the appellate court.

17. A requested instruction that "the court instructs the jury under the evidence the only offense which you can convict the defendant of in this case, is that of manslaughter, if you should find him guilty of any offense," is properly refused when there is evidence upon which the jury could predicate a verdict of murder.

This case was decided by Division A.

Writ of error to the Circuit Court for Polk County.

The facts in the case are stated in the opinion of the court.

*H. K. Olliphant, M. A. Wilson* and *D. B. Simmons,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—This writ of error was taken to a judgment of conviction for murder in the first decree. Most of the assignments of error are upon the admissibility of evidence.

Where evidence is admitted without objection, it is regarded as having been received by consent. The grounds of objection to testimony should be specifically stated in the objection, and general grounds that the proffered testimony is irrelevant or immaterial will not avail if the evidence is admissible for any purpose. If evidence is admitted without objection or if a question propounded to a witness is not objected to on proper grounds before it is answered, it is then too late to merely object on any ground to the evidence or to the answer to the question. In such cases a motion may be made to strike the evidence if the motion is based upon some ground of irrelevancy, immateriality or legal inadmissibility. Sims v. State, 54 Fla. 100, 44 South. Rep. 737.

It appears that about five or six o'clock in the afternoon the defendant met the deceased on the railroad track and cut him with a knife. Death resulted some days later.

A witness for the State testified that about nine or ten o'clock in the morning before the fatal cutting in the after-

noon, the defendant came to the house where witness was boarding and asked for Mr. Doak; that defendant had his hand in his right pocket and kept it there all the time, and said "there is a hell of a disturbance over here at number five, Mr. Redd has fired me, and I want to see Mr. Doak." The witness referring to the defendant testified that "He appeared like he was a pretty mad man. He looked like a mad man to me." Objection was made by the defendant to the last quoted testimony after it was given, "On the ground that it is immaterial and irrelevant and highly improper." In reply to a question from the court the witness said "He appeared to be an angry man to me. He had his hand in his pocket and kept it there all the time." The objection was overruled, an exception was noted and error is assigned thereon. As it appears from the bill of exceptions that the testimony was in before it was objected to, such testimony was not then subject to a mere objection. Williams v. State, 58 Fla. 138, 50 South. Rep. 749; Dickens v. State, 50 Fla. 17.

The physical or mental condition or appearance of a person, or his manner, habit or conduct may be proved by the opinion of an ordinary witness, founded on observation, therefore it was not error to permit the witness to testify that upon observation the defendant "appeared like he was a pretty mad man." Higginbotham v. State, 42 Fla. 573, 29 South. Rep. 410; Fields v. State, 46 Fla. 84, 35 South. Rep. 185; Mitchell v. State, 43 Fla. 584, 31 South. Rep. 242. The witness did not state that the defendant's apparent anger was directed against the deceased, but this did not affect the admissibility of the testimony as to the defendant's appearance at a stated time on the day of the homicide when the defendant referred to his discharge by the deceased.

A motion was made to strike "all of the testimony of this witness for the simple reason that the evidence of the

witness shows no conduct or acts sufficient to show that the defendant in this case had any ill will or intention to hurt or murder the deceased." At least some of the testimony of the witness was clearly admissible and the motion to strike all of it was therefore not well taken. Lewis v. State, 55 Fla. 54, 45 South. Rep. 998; Platt v. Rowland, 54 Fla. 237, 45 South. Rep. 32; Baldwin v. State, 46 Fla. 115, 35 South. Rep. 220; Fields v. State, 46 Fla. 84, 35 South. Rep. 185.

A motion to strike out testimony that had been admitted must be predicated upon some feature of irrelevancy, incompetency, legal inadmissibility or impertinency in the evidence itself, and not upon the ground that it is not sufficient. Lewis v. State, *supra;* Maloy v. State, 52 Fla. 101, 41 South. Rep. 791.

The admissibility of testimony does not depend upon its sufficiency to prove the issue. Bass v. O'Berry, decided at this term.

A witness testified that after the defendant ran off from the scene of the homicide he called to a companion who was present to "come on." This was objected to after its admission, but no motion was made to strike it. If this was not properly a part of the res gestae it is admissible as one of the circumstances attending the homicide that cannot be said to be wholly irrelevant.

Testimony as to an alleged confession of the defendant was received without objection. After its admission as evidence the defendant moved "to strike out the alleged confession as narrated by the witness  *   *  on the ground that, admitting the whole statement, or testimony of the said witness, it does not show that the alleged confession was made freely and voluntarily."

In a prosecution for murder, a confession freely and voluntarily made by the defendant is admissible as in other criminal cases. Where a homicide is shown, testimony as

to a voluntary confession made by the accused is admissible to show the defendant's connection with the crime. Before a confession is admitted in evidence, it should appear that it was freely and voluntarily made uninfluenced by any threat, promise, hope or other inducement. If a confession comes from a mere sense of guilt, it is admissible as evidence of the guilt. When it appears *prima facie* that a confession was freely and voluntarily made the burden is upon the defendant to show that it was in fact not a voluntary confession. Whether a confession was voluntary or not may be shown by circumstances. A confession made while under arrest or in custody is admissible if it is voluntarily made and not influenced by any inducement. McNish v. State, 47 Fla. 69, 36 South. Rep. 176; Daniels v. State, 57 Fla. 1, 48 South. Rep. 747.

The ruling of the court on the motion to strike the alleged confession is as follows: "The witness * * having testified affirmatively that the statement made by the defendant was made not only freely and voluntarily, but was made after he had told the witness that he need not make any statement unless he desired, or that it was with him whether he made any statement, the motion is denied." As the confession was clearly not immaterial or irrelevant to the issue being tried, the motion to strike it was properly denied unless the confession was legally inadmissible. There is evidence to support the statement and ruling of the court, and the evidence is not contradicted. The admissibility of the evidence was for the court to determine. It appears that a legal foundation was laid for admitting the confession as having been freely and voluntarily made uninfluenced by the attending circumstances or by inducements. Gantling v. State, 40 Fla. 237, 23 South. Rep 857; Green v. State, 40 Fla. 474, 24 South. Rep. 537; McNish v. State, 47 Fla. 69, 36 South. Rep. 176.

A mere objection to the manner of conducting the cross-examination with no ruling and exception cannot be considered by the appellate court.

The requested instruction that "the court instructs the jury under the evidence the only offense which you can convict the defendant of in this case, is that of manslaughter, if you should find him guilty of any offense," was properly refused since there was evidence upon which the jury could predicate a verdict of murder.

There is evidence to sustain the verdict and it does not appear that the jury were not governed by the evidence in rendering the verdict.

The judgment is affirmed.

SHACKLEFORD, and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.

Petition for rehearing in this case denied.