Marvin Davis, Walter Davis, Clinton H. Peeler and George Jacobs were informed against in the Criminal Court of Record of Duval County, December 16, 1924, for breaking and entering a building with intent to commit a felony and grand larceny. They were convicted of breaking and entering with intent to commit a misdemeanor and petty larceny. Marvin Davis was sentenced to confinement in the County jail of Duval County at hard labor for the period of one day, and Walter Davis, Clinton H. Peeler and George Jacobs each were sentenced to hard labor in the State Penitentiary for the term of five years. Motion for new trial was denied, and writ of error taken to this court.
Assignments of error one, two, three, four and five treat the question of whether or not the confessions of the several plaintiffs in error were in law voluntarily made and properly admitted in evidence.
The law is well settled that to render a confession by one charged with a crime admissible in evidence against him, it must be voluntarily made though it may not be the spontaneous utterance of the one charged, and it may be obtained by questioning in the custody of an officer or in jail. The jury may always consider the method and circumstances under which a confession is obtained in determining *Page 319 
its credibility. Underhill on Criminal Evidence (2nd ed.), 140; McNish v. State, 47 Fla. 69, 36 South. Rep. 176; McDonald v. State, 70 Fla. 250, 70 South. Rep. 24; Phillips v. State,88 Fla. 117, 101 South. Rep. 204.
The question of whether or not a confession is voluntary is one for the trial judge to determine, and even though the evidence as to voluntariness be conflicting if called upon to review the ruling of the trial court the appellate court must indulge the presumption that the finding was correct. Circumstances constituting improper influences that would exclude confessions are questions of law reviewable by the appellate court, but the credibility of the evidence to prove the circumstances and the credibility of conflicting evidence are questions for the determination of the trial court, not reviewable by the appellate court, unless error in the conclusion in the court below is manifest. Thomas v. State,58 Fla. 122, 51 South. Rep. 410.
The testimony of the State and defendants as to whether or not the several confessions were free and voluntary was in hopeless conflict, but the whole matter was rehearsed both in the absence and in the presence of the jury as the practice here approved, and unless it fully appears that there was an abuse of the discretion imposed in the trial court, his determination as to the admissibility of the confessions is conclusive. The testimony of those in the presence of whom the confessions were made shows that each was freely and voluntarily made, and we find nothing in the record indicating abuse of discretion on the part of the trial court.
When the State has proven the confessions to be free and voluntary, the burden is then cast on the defendants to rebut this proof. Sims v. State, 59 Fla. 38, 52 South. Rep. 198. Evidence was submitted for this purpose, but the jury after hearing all the testimony and considering the facts, accepted the case made against the defendants, and *Page 320 
found them guilty. It is true the defendants were all young men, ages ranging from eighteen to twenty years, but the record shows them to be physically strong and mentally alert. They were fully advised, and their confessions properly admitted.
The sixth assignment of error attacks the order of the trial court refusing to strike the testimony of the witness Blume as to the Whiddon Cash Stores being a corporation.
The proof of ownership of the Whiddon Cash Stores, of the building broken and entered and the goods taken, and that the Whiddon Cash Stores was a corporation, was ample. It was believed by the jury and we find no reason to disturb their finding. Bailey v. State, 76 Fla. 103, 79 South. Rep. 788.
The seventh assignment of error is grounded on the refusal of the trial court to direct a verdict of not guilty in favor of the defendant George Jacobs.
The motion for a directed verdict as to George Jacobs was based on what he considered the insufficiency of the evidence to support the charge against him, but the jury and the trial court took a different view of the evidence and convicted George. We have examined the evidence carefully, and if believed it was ample to support the conviction.
The eighth assignment is predicated on the refusal of the trial court to grant a mistrial because of the prosecuting attorney's comment on the failure of George Jacobs to take the stand and deny the testimony of the State witnesses.
Section 6080, Revised General Statutes of Florida, 1920, among other things provides: "Nor shall any prosecuting attorney be permitted before the jury or court to comment on the failure of the accused to testify in his own behalf." The statement of the prosecuting attorney complained of is as follows: "I said there had been no voice or no witness *Page 321 
who had taken the stand and denied that Mr. Lindsey had told the truth when he detailed the confession that Jacobs had made to him."
In Clinton v. State, 56 Fla. 57, 47 South. Rep. 389, this court held that the pre-existing right of the State to argue the character of evidence adduced by it has not been taken away by the statute permitting the accused to be a witness and forbidding the State to comment upon his failure to accept that privilege. The State still has the right to direct the attention of the jury to that portion of the evidence as to which there is conflict, and to that portion which is without conflict. So long as the State does not exercise its pre-existing right so as to make it directly or covertly a comment upon the failure of the accused to voluntarily become a witness, the law is not violated.
We think the comment of the prosecuting attorney complained of was well within the rule defined in the Clinton case, that it was not directly or covertly a comment on the failure of the accused to testify and could not have been prejudicial to him. If the motion had been a proper one it was correctly denied because it sought to release all the defendants, while the language complained of related to only one of them.
A motion of this kind is indivisible, and when made jointly by two or more parties it must be allowed or denied as to all. Dutcher v. State, 16 Neb. 30, 19 N.W. Rep. 612.
The concluding assignment of error is based on the denial of the motion for a new trial. All material grounds for this motion have been considered and found to be without merit, so the judgment below is affirmed.
WEST, C. J., AND WHITFIELD, ELLIS, STRUM, AND BROWN, J. J., concur. *Page 322