CHARLES BROWNE, *alias* CHARLES PISSELLIA, *alias* CHARLES PISCELLA, *alias* JOSEPH YOUNG, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion Filed August 21, 1926.

1. The essential of an application for continuance as laid down in Moore v. State, 59 Fla. 23, 52 South Rep. 971, are reaffirmed by the court.

2. Alleged erroneous matter not appearing affirmatively of record, except by recitations in a motion for a new trial, can not be reviewed by this court.

3. Clothes of the deceased, and a pistol in the possession of the deceased at the time of an alleged homicide, may be admitted as *res gestae* evidence, upon a sufficient explanation of subsequent possession and proper identification.

4. Under the provisions of Section 2706 of the Revised General Statutes of Florida, 1920, one convicted of murder, is not thereby disqualified as a witness in a trial of another for murder growing out of the same offense which formed the basis of the conviction of the witness.

5. In a criminal case the record of the accused in a State Hospital for Insane can not be established merely by letters from officers of that hospital.

6. The admission in evidence of an extra-judicial confession which was in fact freely and voluntarily made, as determined by the trial court, does not of itself constitute error even though the preliminary examination was held by the court in the presence of the jury.

7. When it is apparent to counsel or the court that the State will attempt to establish an alleged confession made by the defendant, the best practice is for the court to retire the jury and conduct, in the absence of the jury, a full investigation of all the facts and circumstances surrounding the alleged confession by the defendant, in order that the court may ascertain whether in fact the alleged confession was freely and voluntarily made by the defendant. If not so made, the alleged confession should not be admitted in evidence. If it was so made, the preliminary examination should be repeated in the testimony before the jury, to aid the jury in passing upon the credibility and weight of the alleged confession.

A Writ of Error to the Circuit Court for Volusia County; J. J. Dickinson, Judge.

Judgment affirmed.

*J. E. Peacock,* for Plaintiff in Error;

*J. B. Johnson,* Attorney General, and *Roy Campbell,* Assistant, for the State.

CHILLINGWORTH, Circuit Judge.—Plaintiff in error, here-inafter referred to as the defendant, was convicted and thereafter, on April 30, A. D. 1925, sentenced to death on an indictment charging murder in the first degree. The case was before this court on one other occasion. Brown v. State, 88 Fla. 457, 102 South. Rep. 546.

In view of the nature of the case we deem it advisable to discuss seriatum the assignments of error in the order presented by briefs of counsel.

The first assignment of error alleged is the denial of defendant's motion for continuance. The motion was based on the absence of the wife of the defendant, who had been subpoenaed by the State, but not by the defendant. It was alleged that she would testify as to the "insane delusions and periodical insanity" of the defendant; that at the time of the commission of the alleged homicide he was so afflicted; that he did not know what he was doing and was incapable of distinguishing between right and wrong; that immediately prior to the time of the commission of the homicide charged against him he had been having insane delusions and spells of mental insanity two or three times weekly, and that the defendant had no recollection of participation in the commission of any crime, or that a crime had been committed.

Assuming, without deciding that all of such testimony would have been admissible, without the facts upon which such conclusions were based, it was not made to appear that the witness resided within the jurisdiction of the court or that the testimony was not merely cumulative. Nor are any facts alleged which would show the defendant could reasonably procure the presence of the witness at a future day. Moreover, it does not appear that the witness was called by the defendant to testify about these matters, when she was present at the previous trial of the defendant.

It does not plainly appear that there has been any pal-

pable abuse of the broad judicial discretion of the trial court. Moore v. State, 59 Fla. 23, 52 South. Rep. 971; Hall v. State, 70 Fla. 48, 69 South. Rep. 692.

The second, third, fourth, thirteenth and fourteenth assignments of error are based solely upon recitals in the motion for new trial. The motion denied by the trial court. Therefore the alleged erroneous matter not appearing affirmatively of record, cannot be revived by this court. Thomas v. State ex rel. Roberts, 37 Fla. 378, 20 South. Rep. 529, Thalheim v. State, 38 Fla. 169, 20 South. Rep. 938.

The fifth and sixth assignments of error allege the over-ruling of defendant's objection to the introduction in evidence of a pistol, and also clothes of the deceased, worn at the time of the alleged homicide. The pistol, with two loaded and three empty shells in it, was found in the possession of defendant's wife. She was with the defendant at the time of the commission of the alleged crime, and remained with him until found by the officers several hours thereafter. We believe there was no error in the admission in evidence of the pistol. The clothes were also properly admitted as *res gestae* evidence. Underhill's Criminal Evidence (3rd ed.), pp. 212, 701.

The seventh assignment alleges the overruling of objections to testimony of George Burnes, on the ground that he had been convicted and was under a life sentence, and under an indictment charging murder in the first degree, growing out of the same offense for which the defendant was then being tried. There is no merit in the assignment. Section 2706 of the Revised General Statutes of Florida permits a felon, not convicted of perjury, to testify.

The eighth assignment of error is based on the refusal to admit in evidence certain alleged letters from the State Hospital for Insane, Danamara, New York. The rejected letters do not appear in the record. They could have been

only hearsay, or declarations of a third party, not a part of the *res gestae*. This State provides for the taking of depositions in criminal cases, but no deposition was offered. Section 6085, Rev. Gen. Stats., 1920.

The ninth to twelfth assignments of error, inclusive, present the question of the admissibility of certain statements alleged to have been made by the defendant, subsequent to the first trial. The sheriff testified that, a day or so after the first trial, the defendant, while confined in the county jail, in conversation with the sheriff stated: "I will testify against Burns; the damn stool pigeon squealed. I will admit I fired the first shot but he fired the second shots." The testimony of Frank Smith, as to a somewhat similar statement by the defendant was stricken by the court, evidently on the ground of the inability of the witness to state exactly what was said by the defendant. A. J. Gunther, a visitor at the jail, testified that in a conversation with him the defendant voluntarily said: "Burns, the dirty son of a ————, he show yellow streak, I fire the shot all right and give him the gun and he shoot. We promise not to say anything, the son of a ————, he squealed." The defendant, in rebuttal, testified he did not remember ever saying anything to Gunther, and denied making the statement to him. The defendant also testified with reference to the alleged statement made to the sheriff, "I don't know what I said to him or anybody else. I am sure I didn't make a statement to this fellow." The defendant did not deny making the statement to the sheriff. The testimony of the sheriff and of the other witness, Gunther, just referred to, was not a part of the State's case in chief, but was offered in rebuttal for the purpose of impeaching the accused after the latter had voluntarily made himself a witness. See Maloy v. State, 52 Fla. 101, 41 South. Rep. 791; Dedge v. State, 68 Fla. 240; 67 South.

Rep. 43; Crawford v. State, 70 Fla. 323; 70 South Rep. 374.

There was no preliminary investigation by the court, in the absence of the jury, as to the circumstances and conditions surrounding the making of the alleged statements by the defendant.

Apparently no force, threats, coercion, intimidation, inducements, promises or hope of reward were used to procure the statements of the defendant, and the statements were made freely and voluntarily.

The question presented is whether the admission in evidence of an extra-judicial confession, freely and voluntarily made, constitutes reversible error, when there was no preliminary examination by the court, in the absence of the jury, to determine whether such confession was in fact free and voluntary.

Undoubtedly, when it is apparent to counsel or the court that the State will attempt to establish an alleged confession made by the defendant, the best practice is for the court to retire the jury and conduct, in the absence of the jury, a full investigation of all the facts and circumstances surrounding the alleged confession by the defendant in order that the court may ascertain whether in fact the alleged confession was freely and voluntarily made by the defendant. If such an examination held in the presence of the jury, shows to the court that the alleged confession was not freely and voluntarily made, and hence inadmissible, a serious injustice would be inflicted upon the defendant, for the effect and force of the circumstances of the confession could not easily be eradicated from the minds of the jury, even upon appropriate instructions from the court. However, if, as in the instant case, the alleged confession was freely and voluntarily made, uninfluenced by any fear, threats, promises or other inducements, there appears to be no reversible error in conducting the examina-

tion in the presence of the jury, for the jury passes upon the weight of the confession. The defendant in this case does not deny that the statements, if made, were made freely or voluntarily, and there is not a scintilla of evidence to lead the court to any other conclusion, but that the alleged confessions were in fact made freely and voluntarily. 1 R. C. L. 580; Sims v. State, 59. 38, 52 South. Rep. 198; Stiner v. State, 78 Fla. 647, 83 South, Rep. 565; Bates v. State, 78 Fla. 672, 84 South. Rep. 373; Whitten v. State, 86 Fla. 111, 97 South. Rep. 496.

The fifteenth assignment of error relates to certain requested charges denied by the court. While this assignment was not urged by counsel in the brief, we have examined the charges. The matters of insanity was fully covered in the requested charges of the defendant which were given by the court, and there was no error in denying these additional requested charges.

This disposes of all the assignments of error. We have carefully examined the testimony and find that it is more than ample to support the verdict. Two juries of twelve men each have brought in verdicts of guilty of murder in the first degree, without recommendation for mercy. The defendant has been well represented by counsel, and has had a fair and impartial trial. The evidence discloses an unusually brutal and vicious murder, without any provocation, and with robbery as the only motive.

The judgment should be affirmed.

WHITFIELD, ELLIS, STRUM AND BUFORD, J. J., concur.

BROWN, C. J., dissents.