Alonzo Smith, alias Lonnie Smith, v. State.

186 So. 203.

Division B.

Opinion Filed January 20, 1939.

Rehearing Denied February 10, 1939.

*John L. Nixon,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

PER CURIAM.—On October 12, 1936, an information was filed in the Circuit Court for Clay County by the State Attorney, charging in count one that Lonnie Smith on May 16th, 1936, in Clay County, Florida, did willfully set fire to a certain building to-wit, a certain two-story dwelling house known as 508 Palmetto Avenue in the Town of Green Cove Springs, the property of Stanford King, alias S. King, said building being then and there insured against

loss or damage by fire by the American Insurance Company of Newark, New Jersey, a corporation, with intent then and there to injure said insurer. The second count is similar to the first except that the charge is that Lonnie Smith "did willfully burn" the stated building. On October 12, 1936, Lonnie Smith was arraigned upon the information for willfully setting fire to and burning the dwelling with intent to injure insurer, and pleaded not guilty.

On November 12, 1936, the same State Attorney filed in the same court an information charging that Alonzo Smith, alias Lonnie Smith, on May 13, 1936, in the county and state aforesaid, did willfully set fire to a certain building to-wit, the dwelling house of Hattie Hazelton, then and there known as 508 Palmetto Avenue in the Town of Green Cove Springs, Florida. Defendant objected to the filing of this information on the ground that the defendant had been informed against for willfully setting fire to a dwelling house with intent to defraud an insurer. The objection was overruled.

On November 12, 1936, Alonzo Smith, alias Lonnie Smith, was arraigned in open court on information for arson and pleaded not guilty to the last mentioned information. Upon a trial on such last information by a jury "sworn according to law who after hearing the evidence, argument of counsel and charge of the court retired to their room in charge of their bailiff to consider of their verdict and afterwards returned into open court and announced that they could not agree on a verdict. Whereupon the court entered a mistrial and discharged the jury from further service in this cause."

On November 12, 1936, the state attorney entered a *nolle prosequi* of the information for willfully setting fire to and burning the building referred to with intent to injure the insurer, as well as of the information charging arson.

On November 13, 1936, the same State Attorney filed in the same court an information charging that Alonzo Smith, alias Lonnie Smith, on May 13, 1936, in the county and state aforesaid, did willfully and maliciously set fire to a certain dwelling house, to-wit, the dwelling house of Hattie Hazelton, then and there situate and known as 508 Palmetto Avenue in the Town of Green Cove Springs, Florida. The second count charged that Alonzo Smith, alias Lonnie Smith, on May 13, 1936, did willfully and maliciously burn the stated building and that Stanford King, alias S. King, did aid, counsel and procure him the said Alonzo Smith, alias Lonnie Smith, the burning of said dwelling house in the manner and form aforesaid then and there to do and commit.

The defendants Smith and King moved to quash the last stated information upon grounds going to the sufficiency of the information as a pleading and also on the following ground:

"(12) Said information is drawn against both defendants, although the record shows that such defendants have been heretofore separately informed against for this alleged offense."

The motion to quash was denied; thereupon trial was had upon a plea of not guilty. A verdict of not guilty was returned as to Stanford King, alias S. King, upon instruction by the court. Whereupon the jury retired to their room in charge of their bailiff to consider their verdict as to the defendant Alonzo Smith, alias Lonnie Smith, and afterwards returned into open court and presented a verdict of guilty as charged in the first count of the information. A motion for new trial was denied and the defendant Smith was adjudged to be guilty and sentenced by judgment to five years imprisonment in the State Penitentiary.

On writ of error it is contended that after the mistrial

·for failure of the jury to agree on a verdict on the first trial, the last information and the trial thereon put the defendant Smith twice in jeopardy for the same offense, contrary to Section 12, Declaration of Rights.

It is well settled in this state that a mistrial by reason of the inability of the jury to agree does not constitute former jeopardy. White v. State, 63 Fla. 49, 59 So. 17; Johnson v. State, 54 Fla. 45, 44 So. 765. Nor is the entry of a *nolle prosequi* a bar to another information for the same offense. Gibson v. State, 26 Fla. 109, 7 So. 376. After the mistrial the case stood as if it had never been tried, and a *nolle prosequi* entered then had no different effect in favor of the defendant than if it had been entered prior to the trial.

The defendant contends that the *corpus delicti* was not sufficiently established before the introduction of an extrajudicial confession purported to have been made by him. An extrajudicial confession should not be admitted by *prima facie* evidence independent of the extrajudicial confession. Holland v. State, 39 Fla. 178, 22 So. 298; Gantling v. State, 41 Fla. 587, 26 So. 737; Parrish v. State, 90 Fla. 25, 105 So. 130; Deiterle v. State, 101 Fla. 79, 134 So. 42. If the confession be admitted without such proof and additional evidence upon the subject is afterwards introduced independent of the confession which would have justified the admission of such confession, the error in prematurely admitting it will be cured. Smith v. State, 93 Fla. 238, 112 So. 70; Anthony v. State, 44 Fla. 1, 32 So. 818; Parrish v. State, *supra*. The *corpus delicti* may be proven as well by circumstances as by direct evidence, although the probative deficiencies which sometimes inhere in circumstantial evidence should be borne in mind. Lee v. State, 96 Fla. 59, 117 So. 699; Nickels v. State, 90 Fla. 659, 106 So. 479.

The *corpus delicti* of arson is the fact that a house was burned by the willful act of some person criminally responsible for his acts. 2 Am. & Eng. Enc. law 938; Underhill's Criminal Evidence (4th Ed.) Sec. 616, pp. 1193-1194; Note in 16 L. R. A. (N. S.) 285; Note in L. R. A. 1916D, 1299.

Hattie Hazelton testified that on the night of the fire she was living in the house that burned and that the house burned. That when she opened the door of her room she saw the kitchen and the staircase were on fire; she went to the hydrant and got some water to throw on the fire and when she threw the water on the fire it scattered just like there was gasoline in the house, and that she smelled the gas; that she found a can in the corner of the room which smelled like it had gasoline in it. That she did not have any gasoline in the house and did not use it at all. This can was thereupon introduced in evidence. Several witnesses testified that they saw King, the owner of the house, together with the defendant, in Green Cove Springs, the place where the house was located, the afternoon and the night that the house was burned, although King and the defendant lived in Jacksonville. It was proved by an insurance agent that King had insurance on the house. This testimony was sufficient to *prima facie* establish the *corpus delicti.*

The evidence produced by defendant and the state on the question of whether the confession was made freely and voluntarily was conflicting. However, the trial judge admitted the confession and ruled it was made freely and voluntarily. While the circumstances which constitute improper influences, such as will exclude confessions, create questions of law which may be reviewed by an appellate court, the credibility of the testimony to prove the circumstances, including conflicting testimony, is primarily, a ques-

tion for the trial court, and not reviewable by an appellate court unless the court below has transcended its discretion and a wrong may have been done thereby. Holland v. State, 39 Fla. 178, 22 So. 298; Sims v. State, 59 Fla. 38, 52 So. 198; Stiner v. State, 78 Fla. 647, 83 So. 565; Nickels v. State, 90 Fla. 659, 106 So. 479. No abuse of discretion has been shown, so we must hold the confession was properly admitted.

There is one slight irregularity in the conduct of this trial. The record shows that the defendant's examination as to whether or not the confession was voluntarily made, was made in the presence of the jury. However, the court properly admitted the confession as being voluntary, so the error was harmless. Stiner v. State, 78 Fla. 647, 83 So. 565; Metzger v. State, 18 Fla. 481; Browne v. State, 92 Fla. 699, 109 So. 811.

The judge instructed the jury as follows:

"A reasonable doubt is not a mere shadowy, flimsy doubt, amounting to a bare possibility of the defendant's innocence, but it is a substantial doubt arising from the evidence, as presents in your mind, after a full and fair consideration of all the evidence in the case, an abiding conviction to a moral certainty of the guilt of the accused.

The Court instructs you that a doubt which is not suggested by or does not arise from the evidence or lack of evidence, is not a reasonable doubt and should not be considered."

While the charge as quoted appears in the record, the Honorable DeWitt T. Gray, the trial judge, has placed in the record his certificate which shows that the word "presents" is a typographical error and that in place thereof the word used in the charge as given was "prevents." The difference in the meaning of the two words changes the sense of the charge. The use of the word "prevents"

. renders the language not amenable to the criticism applicable which would apply if the word "presents" had been used. The charge as given was not erroneous.

There is ample evidence to sustain the verdict. Other matters presented by the accused as errors have been considered and found to be harmless.

Judgment affirmed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., and BUFORD, J., concur in the opinion and judgment.

THOMAS, J., not participating, the case having been submitted before he became a member of the Court.