WILLIE B. CLAY, NATHANIEL WALKER and EDWARD
POWELL v. STATE.

196 So. 462
En Banc
Opinion Filed May 24, 1940

*McGill & McGill,* and *S. D. McGill,* for Plaintiffs in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* for Defendant in Error.

CHAPMAN, J.—The plaintiffs in error, Willie B. Clay, Nathaniel Walker and Edward Powell, were indicted by a grand jury of Duval County, Florida, on October 18, 1938, for the murder of Mary Louise Curtis in Duval County, Florida, on August 7, 1938. On November 8, 1938, plaintiffs in error were by the lower court adjudged insolvent and Attorney Harry Silver, of the Duval County Bar, was by the lower court appointed to represent the defendants when tried in the lower court. These defendants were arraigned and each entered a plea of not guilty to each count of the said indictment.

The plaintiffs in error, hereinafter referred to as defendants, were placed upon trial on the indictment of murder

in the first degree in the Circuit Court of Duval County, and on December 8, 1938, the jury rendered a verdict of guilty of murder in the first degree, without recommendation to mercy. On December 8, 1938, the defendants, through counsel, filed a motion for a new trial on eight different grounds, some four or five of which raised the question of the sufficiency of the evidence to sustain the verdict, while the seventh ground was to the effect that the trial court erred in overruling the motions of the defendants to exclude the alleged confessions of the defendants from the jury. The eighth ground was that the trial court erred in overruling and denying defendants' objections to the introduction into evidence and the consideration of the jury of the alleged confessions of the defendants. On January 13, 1939, the lower court made and entered an order overruling and denying the motions of the defendants for a new trial and sentenced each of the defendants to death by electrocution. From these judgments of conviction an appeal has been perfected to this Court and several reasons or assignments of error are presented and argued for a reversal of the said judgments.

The record shows that Willie B. Clay was born December 25, 1922; Edward Powell was born April 15, 1923, and Nathaniel Walker was born August 8, 1923, and the three are colored boys and all under 16 years of age at the time of the commission of the crime on August 8, 1938.

The trial court for some time prior to date of trial, in compliance with the provisions of Section 8322 C. G. L., caused notice to be served on the parents or guardians of the defendants, viz.: Eveline Smiley, mother of Willie B. Clay, and she attended the trial of her son; the father, Sidney Clay, was notified at Atkinson and Cordele, Georgia, and he conferred with the mother of Willie B. Clay after

the arrest of their son and prior to his trial. Annie Mae Walker, mother of Nathaniel Walker, was notified of the arrest of her son and attended his trial; it was impossible to locate his father because no one knew where he was. Edward Powell's father was notified of the arrest and charge against his son, but he failed to attend the trial. Annie Stevens and Cleveland Stevens, related as aunt and uncle of Edward Powell, attended the trial. We think there was a substantial compliance with the requirements of the statutes. See Blocker v. State, 90 Fla. 136, 105 So. 316.

The defendants were convicted of murder in the first degree, without recommendation to mercy, and it is contended here that after the rendition of the verdict, it became and was the duty of the trial court, under the provisions of Section 3684, C. G. L., to commit the defendants, and each of them as delinquents, or that the court had the power to sentence or commit them to the Reform School for Boys under the provisions of Section 8644 C. G. L., and that at no time did the court have the power to sentence the defendants to electrocution, because they were around 16 years of age at the time of the alleged crime. Likewise, it is contended that the defendants could have been committed by the trial court under the provisions of Section 3705, 3706 and 3707 C. G. L. See State ex rel. Hamilton v. Chapman, 125 Fla. 235, 169 So. 658. We have examined each of the provisions of the statutes, *supra,* and the authority cited, but we are unable to find merit in this contention.

The defendants were under 16 years of age at the time of the commission of the alleged crime. The relatives of the defendants had been notified as required by statute, and some of the relatives of each defendant attended the trial. The contention cannot be sustained that the defendants should not be punished for their crime of which they were

convicted because of their respective ages. It is well established at common law that a child under the age of 7 years is conclusively presumed to be incapable of committing a crime; the common-law rule raises a presumption of incapacity of an infant between the ages of 7 and 14; and the presumption is that the incapacity after 7 years of age decreases with the progress of his years. The defendants here do not fall within the common law rule cited. See Hamilton v. State, 133 Fla. 481, 182 So. 778; Kelley v. State, 79 Fla. 182, 83 So. 909, 16 A. L. R. 1465, 14 Am. Jur. 811, par. 61; 31 C. J. 1096, par. 218; 14 R. C. L. 264.

The evidence shows that Mrs. Mary Louise Curtis, at her home and little store, 100 Magnolia Street, Jacksonville, Florida, around 8:30 P. M. on Saturday evening, August 6, 1938, was murdered by blows on her head with a blunt instrument, which blows broke her skull. Some three witnesses saw two of the defendants enter the store where deceased was living and heard the reports of blows and saw the same two defendants emerge from the store and hastily leave the premises. These two defendants were by the witnesses identified as the two men leaving the place of business where the deceased was later found bearing wounds on her head from which she died some few hours thereafter. The fingerprints of one of the defendants was found on a glass and later identified as the fingerprints of one of the defendants.

The defendants were arrested by some members of the police force of the City of Jacksonville on September 10, 1938, and on the evening of the following day made confessions of the entire crime. The confessions were reduced to writing by a court reporter and the same, during the trial of the case, were offered in evidence by the prosecution. The defendants went to the scene of the crime with some

of the police officers and pointed out the spot near the store where the two bicycles were parked while the crime was being committed, and, in fact, details of the entire crime from the time it was planned by the defendants until consummated were confessed or acknowledged by the defend-- ants. These confessions were made in the presence of a number of witnesses and these witnesses were each called to the stand and testified that the confessions were freely and voluntarily made and no reward or hope of reward was given or held out to either of the defendants, nor was force or duress resorted to.

The defendants testified that they were by members of the police force and officers whipped with a rubber hose and kicked and beaten over the head with a blackjack some few hours prior to the time that these confessions were made, and that the reason for making the confessions was that they had been beaten so severely that they were afraid not to make the confessions, and signed the same after they had been prepared by the court reporter. The several officers testified that the confessions were made by the defendants freely and voluntarily and that the defendants had not been whipped or beaten, nor was hope of reward held out to them. This testimony was contradicted by each of the defendants. The trial court heard much evidence, in the absence of the jury, on the question of whether or not the confessions were free and voluntary, and concluded that the evidence was proper to be submitted to the consideration of the jury under appropriate instructions. It is contended that the confessions were obtained under duress and fear and that the same were not freely and voluntarily made and the admission of same into evidence on the part of the State was error.

It is well established law that when it is shown a con-

fession was freely and voluntarily made and that no improper influences were exerted or reward held out to obtain it, the confession is properly admitted into evidence. See Bennett v. State, 96 Fla. 237, 118 So. 18; Nickels v. State, 90 Fla. 659, 106 So. 479; Greene v. State, 40 Fla. 474, 24 So. 537; Browne v. State, 92 Fla. 699, 109 So. 811; Williams v. State, 48 Fla. 65, 37 So. 521; Davis v. State, 90 Fla. 317, 105 So. 843; Sims v. State, 59 Fla. 38, 52 So. 198; Gantling v. State, 40 Fla. 237, 23 So. 857; Holland v. State, 39 Fla. 178, 22 So. 298. It is likewise the law of Florida that if an alleged confession was not freely and voluntarily made, it is error to admit the same into evidence against the party making same. See Browne v. State, 92 Fla. 699, 109 So. 711; Davis v. State, 90 Fla. 317, 105 So. 843; Crawford v. State, 70 Fla. 323, 70 So. 374; Deiterle v. State, 98 Fla. 739, 124 So. 47.

The extrajudicial confessions of the defendants offered in evidence by the prosecution in the lower court and assigned as error here, were by the trial court, as shown by the record, cautiously and carefully considered in the absence of the jury sworn to try the issues. The court heard the testimony of the witnesses present when the confessions were made and a broad field of inquiry was permitted as to the circumstances, conditions and surroundings under which the confessions were made. The defendants were allowed an opportunity, in the absence of the jury, to show the circumstances, conditions and surroundings at the time the confessions were made, and subsequently the same was admitted in evidence before the jury. It is shown in the record that the defendants testified that the officers took them to a room in the jail and placed them on a table and whipped them with a rubber hose and struck them over the head with a blackjack, and because of this mistreatment

they were afraid to deny the crime when the State Attorney and court reporter appeared at the jail, and the confessions were signed, but this testimony was directly and positively contradicted. It is true also on cross examination they admitted that at the time the confessions were made before the court reporter no threat of violence or force was made. It is shown that the defendants had attended school and had completed several grades in the Duval County public schools. The fact that the defendants were questioned by the police officer about the crime when taken into custody is not sufficient cause to exclude the confessions subsequently given. If the confession emanates freely and voluntarily and is made without fear, hope of reward and promise of escaping punishment, or some other illegal influence, the same is properly admitted. See Smith v. State, 135 Fla. 835, 186 So. 203; Cawthon v. State, 118 Fla. 394, 159 So. 366; Dabny v. State, 119 Fla. 341, 161 So. 380; Harrison v. State, 110 Fla. 420, 148 So. 822; Nickels v. State, 90 Fla. 659, 106 So. 479; Green v. State, 40 Fla. 191, 23 So. 851; McNish v. State, 47 Fla. 69, 36 So. 198; Sims v. State, 59 Fla. 38, 52 So. 198; Williams v. State, 48 Fla. 65, 37 So. 521; Moore v. State, 68 Fla. 91, 66 So. 431; McDonald v. State, 70 Fla. 250, 70 So. 24; Davis v. State, 90 Fla. 317, 105 So. 843; Chambers v. State, 60 Sup. Ct. 472, 84 L. Ed. 419; Bram v. United States, 168 U. S. 532, 18 Sup. Ct. 183, 42 L. Ed. 568; Ziang Sung Wan v. United States, 266 U. S. 1, 45 Sup. Ct. 1, 69 L. Ed. 131. We think the care and caution required by law of a trial court in the admission into evidence of these confessions were properly observed and followed.

We fail to find error in the record. The ages of the defendants here present a very serious question. We feel that this question under the laws of Florida, is addressed

to the discretion of the Board of Pardons. The judgments appealed from are hereby affirmed.

Terrell, C. J., and Whitfield, Brown, Buford and Thomas, J. J., concur.