PEARSON, Judge
(dissenting).
The holding that it was error to admit the confessions taken from the appellants while they were in the care, custody and control of the juvenile court appears to me to presume that such confessions were not voluntary. The rule of law is well established that the test as to the verity of a confession is whether or not it was freely and voluntarily made. Montgomery v. State, Fla.1965, 176 So.2d 331, 334.
The determination as to the voluntariness of a confession must be predicated upon the totality of the circumstances surrounding the making of the confession. Reddish v. State, Fla.1964, 167 So.2d 858. The confession of a minor is admissible in evidence if it reflects his voluntary act and he understood the nature and consequences of his confession. See Clay v. State, 143 Fla. 204, 196 So. 462 (1940).
I doubt that public policy, innate fairness or a sense of justice requires that the law create an exception because the minor is in the custody of a juvenile court. See a well-reasoned opinion of the District Court of Appeal in California, People v. Magee, 217 Cal.App.2d 443, 31 Cal.Rptr. 658 (1963).
If there is a fear that the accused may not know the consequences of his confession, then this inquiry may be made under the “totality of the circumstances” without placing the State in the position of having the slate wiped clean for a new investigation after the minor is released for trial before the appropriate court. The sense of this view is, I think, illustrated in the present cases by the fact that the confessions were made to the police, at the police station, upon investigation by the homicide department after the minors were physically turned over to that investigative agency. The fact that the appellants made a stop on the way at the juvenile court was of no practical consequence. The conclusion by the majority that the accused minors could not have had an attorney is not supported by the record. The fact that they would not have been entitled to an attorney at state expense if they had been arraigned in the juvenile court is not, in my view, operative because they were not in fact charged or tried in the juvenile court.
I would affirm.