ANSTEAD, Judge.
Appellant, Adolphus McCray, and his brother, Tracy, were convicted of robbery with a handgun. On appeal Adolphus claims that the trial court erred in failing to suppress identification evidence; in allowing evidence that he was guilty of another crime; and in failing to instruct the jury on his diminished legal capacity, by reason of age, to commit a crime. We affirm.
We have reviewed the record with respect to the identification procedures involved and find no error by the trial court in denying the motion to suppress the identifications. See Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), and Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). We have also examined the record with regard to the alleged improper reference to other crimes and find no merit to appellant’s claim on this issue. The remarks of the prosecutor relied upon appeared to be made in direct response to remarks on the same subject first made by appellant’s counsel. In any case we find no harmful error on this issue.
At the time of the incident Adol-phus, who was tried as an adult, was thirteen years and ten months old and his brother, who eventually pled guilty, was fifteen. Adolphus and Tracy were indicted by a grand jury for robbery with a handgun. At trial Adolphus requested the court to instruct the jury on the common law rule applicable to juveniles between the ages of seven and fourteen raising a progressively decreasing rebuttable presumption of incapacity to commit a crime. The court, on the basis that the existence of the presumption was a legal matter to be decided by the court, denied this request.
Adolphus contends on appeal that the trial court should have instructed the jury on the common law presumption in accord with the decision in Clay v. State, 143 Fla. 204, 196 So. 462 (1940). Since he was two months shy of being fourteen years old, Adolphus claims it was reversible error to deny the instruction.
The state, on the other hand, argues that the legislature, by the enactment of Chapter 39, Florida Statutes (1979), has supplanted that presumption with a statutory scheme for determining when a juvenile may be deemed capable of committing an offense for purposes of being treated as an adult. We agree. In particular section 39.-02(5) contains a comprehensive scheme for making such a determination.[1] The state also relies on sections 39.04(2)(e)(3) & (4), Fla.Stat. (1979) which provide that a state *918 attorney may file, along with a petition for delinquency, a motion to transfer and certify the child for prosecution as an adult or to refer the case to the grand jury. In fact, the latter occurred in this case. The Florida Supreme Court has commented that Chapter 39, Florida Statutes, was intended by the legislature to serve “the remedial purposes of reformation” of juveniles. State v. D.H., 340 So.2d 1163, 1165 (Fla.1976). The legislature, the court said, did not intend to apply to delinquency proceedings “the common law rebuttable presumption that a child between the ages of 7 and 14 is incapable of committing a crime ... [because sjuch construction, [would be inconsistent with the purpose[s] of juvenile proceedings .... ” Id. at 1164-65. In a similar fashion, we believe that by specifying the instances when a juvenile may be treated as an adult for purposes of criminal prosecution that the legislature intended to replace the common law presumption with the statutory scheme set out in Chapter 39 and under which Adolphus was prosecuted herein. Thus, we conclude that a juvenile tried as an adult under this scheme is not entitled to an instruction to the jury on the common law presumption of disability by reason of age.
Accordingly, we affirm the judgment and sentence of the trial court.
GLICKSTEIN and HURLEY, JJ., concur.

. Section 39.02(5) provides:
(5)(a) If the court finds, after a waiver hearing, that a child who was 14 years of age or older at the time the alleged violation was committed and who is alleged to have committed a violation of Florida law should be charged and tried as an adult, then the court may enter an order transferring the case and certifying the case for trial as if the child were an adult. The child shall thereafter be subject to prosecution, trial, and sentencing as if the child were an adult but subject to the provisions of s. 39.111(6).
(b) The court shall transfer and certify the case for trial as if the child were an adult if the child is alleged to have committed a violation of law and, prior to the commencement of an adjudicatory hearing, the child, joined by a parent or, in the absence of a parent, by his guardian or guardian ad litem, demands in writing to be tried as an adult.
(c) A child of any age charged with a violation of Florida law punishable by death or by life imprisonment shall be subject to the jurisdiction of the court as set forth in s. 39.-06(7) unless and until an indictment on such charge is returned by the grand jury. When an indictment is returned, the petition for delinquency, if any, shall be dismissed and the child shall be tried and handled in every respect as if he were an adult. No adjudicatory hearing shall be held within 21 days from the date that the child is taken into custody and charged with having committed a capital or life felony unless the state attorney advises the court in writing that he does not intend to present the case to the grand jury or that he has presented the case to the grand jury and that the grand jury has returned a no true bill. If the court receives such a notice from the state attorney, or if the grand jury fails to act within the 21-day *918 period, the court may proceed as otherwise authorized under this chapter.
(d) Once a child has been transferred for criminal prosecution pursuant to a waiver hearing, indictment, or information and has been found to have committed the offense for which he is transferred or a lesser-included offense, the child shall thereafter be handled in every respect as if he were an adult for any subsequent violation of Florida law.
(e) If the court determines not to impose adult sanctions, then the court must next determine what juvenile sanctions it will impose. If the court determines not to adjudicate and commit to the department, the court shall then determine what community-based penal sanctions it will impose in a community control program. Community-based penal sanctions may include, but are not limited to, rehabilitative restitution, curfew, revocation or suspension of the child’s driver’s license, community or public service, the deprivation from the child of nonessential activities or privileges, or other appropriate restraints on the child’s liberty.

(j) It is the intent of the Legislature that the foregoing criteria and guidelines shall be deemed mandatory and that a determination of disposition pursuant to this subsection is subject to the right of the child to appellate review pursuant to s. 39.14.