DOWNEY, Judge.
This is an appeal from a judgment of guilty of first degree murder and a life *926 sentence without parole for twenty-five years.
Appellant, Vivian Morris, age thirteen at the time of the crime, was indicted by the Broward County Grand Jury for the premeditated murder of Deana Ann Harris, a three year old, on May 19, 1981, by stabbing her with a sharp object. During the pretrial period, over objection of the defense, the court appointed several psychiatrists to examine Vivian to determine whether she was competent to stand trial in view of the common law presumption of the incapacity of a child under fourteen years of age to commit a crime. The order of appointment provided that no statements made by Vivian could be used against her. The resulting examinations showed Vivian to be competent and the case proceeded to trial resulting in a verdict of guilty.
In addition to contending the appointment of the psychiatrists was error, Vivian presents five other points on appeal. Points III and V concern the admission of evidence that we hold was either admissible or harmless error in view of the other evidence of Vivian’s fingerprints on the instrument used to effect death and her confession of guilt. Point IV raised the propriety of the court’s refusal to allow Vivian to adduce proof that she offered to take a polygraph test. That evidence we hold was irrelevant and was unnecessary to show “the circumstances under which appellant’s confession was made,” as contended by Vivian in her brief. See generally Annot., Lie Detector test — Willingness, 95 A.L.R.2d 819.
Under her first point Vivian argues that it was reversible error to require her to submit to examination by psychiatrists to determine her competency. Although a great deal of time and effort was given to this contention, it is legally wrong. In McCray v. State, 424 So.2d 916 (Fla. 4th DCA 1983), the appellant, thirteen years old at the time of the offense, contended the trial court erred in refusing her request to instruct the jury on the common law rule applicable to juveniles between the ages of seven and fourteen raising a progressively decreasing rebuttable presumption of incapacity to commit a crime. We held there that the legislature by enacting Chapter 39, Florida Statutes (1979), supplanted that presumption with a comprehensive statutory scheme for determining when a juvenile may be deemed capable of committing an offense for purposes of being treated as an adult:
we believe that by specifying the instances when a juvenile may be treated as an adult for purposes of criminal prosecution that the legislature intended to replace the common law presumption with the statutory scheme set out in Chapter 39 and under which [appellant] was prosecuted herein. Thus, we conclude that a juvenile tried as an adult under this scheme is not entitled to an instruction to the jury on the common law presumption of disability by reason of age.
424 So.2d at 918.
Therefore we find no error in this regard in the present case.
Finally, we treat Vivian’s sixth point wherein she contends the trial court erred in refusing her request to be sentenced pursuant to the mandate of Section 39.-111(6), Florida Statutes (1979). The state replies that at the time Vivian was sentenced, June 22, 1982, the legislature had amended Section 39.02(5)(d) by deleting the word “indictment” therefrom as a means of transfer and so the court was not required to follow Section 39.111(6) because her being prosecuted under an indictment meant she was not a “transferred child” within the meaning of Section 39.111(6).
It must be remembered that Vivian was charged with a crime committed May 19, 1981, and the statutory amendments referred to above became effective on October 1, 1981. Therefore, Vivian was entitled to be sentenced under the law effective when the crime was committed, 14 Fla. Jur.2d Criminal Law § 18.
Accordingly, we affirm the judgment in all respects but reverse the sentence and *927 remand the cause for resentencing in accordance herewith.
AFFIRMED IN PART; REVERSED IN PART, and remanded.
ANSTEAD, C.J., and RODGERS, EDWARD, Associate Judge, concur.